IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CADDO SYSTEMS, INC. AND 511 TECHNOLOGIES, INC., | § § § | |
| Plaintiffs, | § | C.A. No. 6:20-cv-245-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| MICROCHIP TECHNOLOGY INCORPORATED, | § § § | |
| Defendant. | § | |

**MICROCHIP'S OPPOSED MOTION TO STRIKE PORTIONS
OF PLAINTIFFS' FINAL INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   PROCEDURAL BACKGROUND.................................................................... 2

III.  FACTUAL BACKGROUND ............................................................................ 2

    A.    The Patents Unambiguously Define "Browsing" As "Rolling Over" A Link........ 2

    B.    Caddo Concedes the Redesigned Website Does Not Meet the "Rolling Over" And "Provisional Selection" Limitations....................................................... 4

IV.   LEGAL STANDARD........................................................................................ 6

V.    ARGUMENT ...................................................................................................... 7

    A.    The Final Contentions Do Not Adequately Disclose How "Active Links" On The Redesigned Website Enable A User To "Browse" Menu Items............... 7

    B.    If Necessary, The Court Should Construe "Browse" In Accordance With The Asserted Patents' Express Definition. ............................................................ 8

VI.   CONCLUSION.................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*CommScope Techs. LLC v. Dali Wireless, Inc.,*
No. 3:16-CV-0477-M, 2018 WL 4566130 (N.D. Tex. Sept. 21, 2018) ............................ 6

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015)........................................................................................ 6

*Rapid Completions LLC v. Baker Hughes Inc.,*
No. 6:15-CV-724, 2016 WL 3407688 (E.D. Tex. June 21, 2016) .................................... 7

## I.    INTRODUCTION

Defendant Microchip Technology Inc. ("Microchip") respectfully moves to strike new and inadequately disclosed infringement theories from Caddo's Final Infringement Contentions ("Final Contentions").    Microchip introduced a new and completely redesigned version of www.microchip.com starting in July of 2020.  The redesigned website ***completely removed*** the accused drop-down menu functionality that Caddo relied on to allege infringement of the old website.

### OLD WEBSITE                                   NEW WEBSITE




**Drop down menu present[1]**                    **Drop down menu removed**

Caddo has not adequately disclosed any theory for how the redesigned website infringes.  Nor could they do so, as none exists.  This is confirmed by Caddo having withdrawn its infringement allegations against the redesigned website as to four out of the six asserted patents.  But the claim limitation that Caddo fails to explain is common across *all six* asserted patents.  After extensive discussion, however, Caddo still refuses to withdraw its inadequate contentions for the '301 and '836 patents.  The Court should strike the inadequately disclosed theories against Microchip's redesigned website.

---

[1] Microchip disputes that the old website with a drop-down menu infringes but is not challenging the sufficiency of Caddo's infringement theories for the old website in this motion.

## II.     PROCEDURAL BACKGROUND

In March of 2020, Caddo filed suit accusing the drop-down secondary navigation feature of the old www.microchip.com website.  Dkt. 1 ¶¶ 37, 54, 56, 64, 85, 104, 106, 110-111, 129-133, 137-142, 165-171, 178-184; Ex. 1 (Preliminary Infringement Contentions).   Unrelated to the lawsuit, Microchip released a redesigned version of its website (which had been under development since before the lawsuit) in July of 2020. Ex. 2 at 9.  The redesigned website removed the previously accused drop-down secondary navigation menu.   The Court construed various disputed claim terms in April of 2021. Dkt. 34.  *After* the Court's *Markman* ruling, Caddo accused the redesigned Microchip website of infringing all six asserted patents.  Ex. 3 (Final Contentions, served June 11, 2021).   In response to various letters from Microchip, Caddo withdrew its allegations against the redesigned website for four patents (Ex. 4; Ex. 5), but inexplicably maintained its allegations as to two patents (Ex. 6).

## III.    FACTUAL BACKGROUND

### A.     The Patents Unambiguously Define "Browsing" As "Rolling Over" A Link.

This case involves six patents[2] that all claim priority to the same parent application.  The patents are generally directed to a navigation system for hierarchical menus that includes an "Active Path" consisting of a sequence of "active links."  *See, e.g.*, Ex. 7 ("'301 Patent"), Abstract. Each active link provides "direct access" to items on the corresponding hierarchical level.  *Id.*  For example, in the figure below, the horizontal sequence is an Active Path, and the active link "1.2.3" provides direct access via a pull-down menu to other items ("1.2.1," "1.2.2," etc.).

---

[2] U.S. Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; and 10,037,127.



'301 Patent, Fig. 5A.  This pull-down menu functionality is recited in each asserted independent

claim.  For example:

| Patent / Claim | Claim Limitation |
|---|---|
| **'411 Patent, Claim 1** | "wherein pre-selecting a given active link ***triggers the display of sibling menu items*** on the level associated with said given active link without disturbing the displayed Active Path" |
| **'301 Patent, Claim 1** | "each said active link enabling the user to ***directly browse all items on any given level*** of the hierarchical information structure including all hierarchically subordinate items without affecting the Active Path" |
| **'517 Patent, Claim 1** | "wherein rolling over a given active link with the pointer of a pointing device ***triggers the display of menu items*** on the hierarchical level associated with said given active link without disturbing the displayed Active Path" |
| **'836 Patent, Claim 8** | "each said active link providing the user the ability to ***directly browse items on any given level*** of the hierarchical menu structure and hierarchically subordinate items without affecting the Active Path" |
| **'880 Patent, Claim 1** | "upon provisional selection of any said active link, ***displaying one or more items on a given level of the information structure*** without affecting the active path" |
| **'127 Patent, Claim 1** | "upon provisional selection of a given one of said active links, ***display one or more items on a given level*** of the information structure associated with said provisionally selected active link without affecting the active path" |

    Although the claims use slightly different terms—such as "rolling over," "directly browse,"

and "provisional selection"—the specification and file history make clear that each term refers to

the same behavior of moving the pointer over an active link without clicking:

| Claim Term | Specification / File History |
|---|---|
| **"rolling over"** (´517 Patent) | "As shown in FIG. 5B rolling over the active link 102 simply entails manipulating the mouse 48 to position the software pointer 50 over the active link 102." ´301 Patent, 5:57-60. |
| **"provisional selection"** (´880 and ´127 Patents) | "The user browses by 'rolling-over' (provisionally selecting) an element with a pointing device such as a mouse…" *Id.*, 4:37-42. |
| **"directly browse"** (´301 and ´836 Patents) | "Browsing means that the user has 'rolled over' a menu item or active link 102 in order to view the siblings of the menu item or active link, i.e., all of the menu items on the same hierarchical level …. The user may continue browsing the hierarchical data structure browsing (rolling over) the sibling menu items." *Id.*, 4:51-57. |
| **"pre-selecting"** (´411 Patent) | "It should be appreciated that the action of pre-selecting an Active Link is distinguished from the action of selecting an Active Link." Ex. 8 (´411 File History, 7/11/2006 Office Action Response) at 5. |

As reflected in the foregoing excerpts, the patents explicitly and repeatedly equate "browsing" with "rolling over." *See, e.g.*, ´301 Patent, 5:22-26 ("browsed (rolled over)"), 5:31-32 ("Rolling over (browsing)"). The specification also explicitly distinguishes the browsing/rolling over behavior from "selecting" a link (*i.e.*, actually clicking on it):

> As used herein, the term ***"selecting" is distinguished from the term "browsing." Selecting means actively choosing a menu item.*** Using a conventional pointing device 48 such as a mouse, selection of a menu item (or active link) is accomplished when the user depresses and releases the mouse key (mouse-up operation). ***¶Browsing means that the user has "rolled over" a menu item or active link*** …

*Id.*, 4:45-54 (emphasis added).

**B.    Caddo Concedes the Redesigned Website Does Not Meet the "Rolling Over" And "Provisional Selection" Limitations.**

Caddo served preliminary infringement contentions on September 17, 2020, accusing www.microchip.com of infringing the six asserted patents. Ex. 1. Caddo provided a screenshot of the then-existing website, alleging that "Home / Amplifiers and Linear / Comparators" constituted an active path where the user could directly browse "Amplifiers and Linear" using the "drop-down" menu. Ex. 9 (Preliminary Contentions, Ex. B) at 5-6.



After Caddo served preliminary infringement contentions, the Court construed certain terms of the asserted patents. *See* Dkt. 34. The parties did not propose construing the terms "rolling over," "pre-selecting," "provisional selection," or "browse," as there was no need or reason to do so at the time, since the redesigned website had not been accused of infringement.

Indeed, as is readily apparent by visiting www.microchip.com, the redesigned website completely removed the drop-down menu which Caddo had accused of infringement. Instead, the redesigned site merely displays a horizontal sequence of links which lack a drop-down menu.

| | Screenshot of redesigned www.microchip.com website |
|---|---|
| Before rolling over the accused active link | |
| After rolling over the accused active link | |
| After clicking/selecting the link. | |

Nevertheless, following claim construction, Caddo accused the redesigned website of infringing all six asserted patents in its Final Contentions served in June of 2021. *See, e.g.*, Ex. 3; Ex. 10 (Final Contentions, Ex. B) at 22. With respect to claims that recite "rolling over" an active link, Caddo invoked the doctrine of equivalents. *Id*. at 38-39. However, after the parties exchanged letters and met and conferred about the issue, Caddo withdrew "its DoE infringement allegations for the 'roll[ed/ing] over' limitation[s]." Ex. 4 (9/10/2021 Letter) at 7. Caddo also withdrew its allegations against the redesigned website for the '411 patent, which requires "pre-selecting" an active link. *Id.* at 4. When Microchip pointed out that the specification equates "provisional selection" with "rolling over," Caddo dropped its infringement allegations that redesigned website infringed the '880 and '127 patents. Ex. 5 (9/22/2021 Email from V. Schad).

In total, Caddo dropped four out of six patents against the redesigned website. However, Caddo refused to withdraw its contentions for the '301 and '836 patents, even though the claims require active links that enable users to "directly browse" items on a given hierarchical level. Microchip has repeatedly explained to Caddo that the asserted patents define "browse" as "roll over" and that the accused secondary navigation links on the redesigned website do not have any roll over functionality. Caddo has inexplicably failed to disclose any theory for how the '301 and '836 patent claims satisfy the "browse" requirement. Having reached an impasse, Microchip now asks the Court to strike Caddo's remaining allegations against the redesigned website.

## IV.   LEGAL STANDARD

Infringement contentions, like other disclosure requirements in patent cases, are designed to "require parties to crystallize their theories of the case early in the litigation" and thus "prevent the 'shifting sands' approach" to later stages of the case. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *see also CommScope Techs. LLC v. Dali Wireless, Inc.,* No. 3:16-CV-0477-M, 2018 WL 4566130, at *1 (N.D. Tex. Sept. 21, 2018) ("The purpose of

infringement contentions is to provide notice of a plaintiff's specific theories of infringement."); *Rapid Completions LLC v. Baker Hughes Inc.,* No. 6:15-CV-724, 2016 WL 3407688, at *2 (E.D. Tex. June 21, 2016) (infringement contentions should include "[e]nough specificity" to "provide … adequate notice and information with which to litigate their cases").

## V.   ARGUMENT

With respect to Microchip's redesigned website, Caddo's Final Contentions fail to adequately disclose their theory with respect to the "browse" limitations of the '301 and '836 patents.  Indeed, Caddo has practically admitted it lacks a good faith basis to accuse the redesigned website because it withdrew its contentions for the terms "rolling over" and "provisional selection," which the patents explicitly state are synonymous with "browse."  To the extent the parties' dispute implicates claim construction—which was not foreseeable at the time of initial claim construction proceedings in this case—the Court should construe "browse" to mean "rolling over" or moving the mouse pointer over a link, as is explicitly stated in the patents.  Either way, the Final Contentions are inadequate and should be stricken as to the redesigned website.

### A.   The Final Contentions Do Not Adequately Disclose How "Active Links" On The Redesigned Website Enable A User To "Browse" Menu Items.

Each asserted independent claim of the '301 and '836 patents requires that an active link enable the user to "browse" items of the hierarchical menu.  '301 Patent, claims 1 & 9; '836 Patent, claims 1 & 8.  As discussed above, the patents repeatedly state that "browse" means "rolling over" a link, as distinguished from "selecting," or clicking on, the link.  *E.g.*, '301 Patent, 4:51-57 ("Browsing means that the user has 'rolled over' a menu item or active link 102"), 5:22-26 ("the root link 101 is browsed (rolling over)"), 5:31-32 ("Rolling over (browsing) an active link 102"); *see also id.*, 4:45-50 ("As used herein, the term 'selecting' is distinguished from the term 'browsing'.  Selecting means actively choosing a menu item.").  The Final Contentions, however,

fail to adequately disclose any theory for how the alleged active links of the redesigned website provide any kind of "browsing" capability.

For example, with respect to claim 1 of the '301 patent, the Final Contentions point to two screenshots of the redesigned website and merely parrot the claim language to allege that the active links "enable the user to directly browse all items on any given level of the hierarchical information structure." Ex. 10 (Final Contentions, Ex. B) at 21-24.  The screenshots show no drop-down menu or other "rolling over" behavior for the accused menu.  Similarly, for claim 1 of the '836 patent, the Final Contentions point to one of the two aforementioned screenshots and again parrot claim language.  Ex. 11 (Final Contentions, Ex. D) at 15-16.  Caddo also included a screenshot of a top navigation drop-down menu but provide no explanation how it supports any infringement theory, for example, how it is connected to any "active link."  *Id.* at 17.  The portions of the Final Contentions that should be struck are highlighted in yellow in Exs. 12 and 13.

It is telling that Caddo withdrew its infringement allegations for the other four patents.  The Final Contentions invoked the doctrine of equivalents for the "rolling over" limitations, which suggests that Caddo knew it lacked a legitimate literal infringement theory.  Ultimately, Caddo withdrew even its doctrine of equivalents theory.  Ex. 4 at 7.  Caddo's inability to maintain infringement allegations as to the "rolling over" limitations confirms that there is no infringement theory for the "browse" limitations—much less a theory that is adequately disclosed in the Final Contentions—since the specification repeatedly states that "browse" and "rolling over" mean the *exact same thing*.

### B.    If Necessary, The Court Should Construe "Browse" In Accordance With The Asserted Patents' Express Definition.

In refusing to withdraw its contentions for the "browse" limitations, Caddo argued that the adequacy of its theory depended on claim construction, and that Microchip waived the issue by

not raising it sooner.  But Microchip could not have foreseen that the construction of "browse" would be at issue[3]—indeed, it is not clear that the meaning of "browse" is truly in dispute even now.  First, the specification is unambiguous in equating "browse" with "rolling over," even using each term as a parenthetical for the other.  *E.g.*, '301 Patent, 4:51-57 ("Browsing means that the user has 'rolled over' a menu item or active link 102"), 5:22-26 ("the root link 101 is browsed (rolling over)"), 5:31-32 ("Rolling over (browsing) an active link 102").  Notably, Caddo has not offered any alternative construction for "browse" nor explained how, under some other construction, it has adequately disclosed an infringement theory.  Second, because Caddo did not accuse the redesigned website until its Final Contentions—several months after the redesign—Microchip was not on notice of any need to construe the term.  Nor could Microchip have reasonably foreseen that Caddo could plausibly accuse the new website given that Microchip removed the accused feature of the old website.

Nonetheless, to the extent the Court finds that the adequacy of the Final Contentions and the merits of Microchip's motion to strike depend on the construction of what it means to "browse" an active link (or menu item) in the Active Path, the Court should construe the term as "rolling over" the active link (or menu item).  The specification contains definitional language that "[b]rowsing means that the user has 'rolled over' a menu item or active link 102" (*id.*, 4:51-57), so claim construction is straightforward.  *See supra*, § III.A.

## VI.    CONCLUSION

Microchip respectfully requests that the Court strike Caddo's remaining allegations in its Final Contentions against the redesigned website.

---

[3] Microchip maintains that Caddo's accusations of the redesigned website are frivolous and reserves the right to seek sanctions (*i.e.*, its attorney fees) for having to defend against them.

Dated: November 9, 2021                     Respectfully submitted,

                                            */s/ Travis Jensen*
                                            Travis Jensen
                                            California Bar No. 259925
                                            Lillian Mao (admitted *pro hac vice*)
                                            California Bar No. 267410
                                            **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                            1000 Marsh Rd.
                                            Menlo Park, CA 94025
                                            Telephone: 650.614.7400
                                            Facsimile: 650.614.7401
                                            tjensen@orrick.com
                                            lmao@orrick.com

                                            ATTORNEY FOR MICROCHIP
                                            TECHNOLOGY INCORPORATED

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 9, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.  Any other counsel of record will be served by a facsimile transmission or first-class mail.

                                            */s/ Travis Jensen*
                                            Travis Jensen