# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **CADDO SYSTEMS, INC., 511 TECHNOLOGIES, INC.** | |
| **Plaintiffs,** | **CA No. 6:20-CV-00245-ADA** |
| **v.** | |
| **MICROCHIP TECHNOLOGY INC.,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

## PLAINTIFFS' PRELIMINARY INFRINGEMENT CONTENTIONS

Pursuant to the Court's Order Governing Proceedings – Patent Case (Dkt. 15), Plaintiffs Caddo Systems, Inc. and 511 Technologies, Inc. ("Caddo" or "Plaintiffs"), by and through their attorneys, hereby serve its Preliminary Infringement Contentions.  Plaintiffs are also producing (1) all documents in the possession or custody of Plaintiffs evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each Asserted Patent. These contentions address the infringement of U.S. Patent Nos. 7,191,411 ("'411 patent"), 7,216,301 ("'301 patent"), 7,640,517 ("'517 patent"), 7,725,836 ("'836 patent"), 8,352,880 ("'880 patent"), and 10,037,127 ("'127 patent") (collectively, "Asserted Patents") by Microchip Technology Inc. ("Microchip" or "Defendant").  These contentions also identify Accused Instrumentalities as defined below.

This disclosure is made solely for the purpose of this action.  This disclosure is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any other objections on grounds that would require the exclusion of statements contained herein if such disclosure were asked of, or statement contained herein were made by, a witness present

and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

At the time of exchanging these contentions with Microchip, no discovery has been undertaken by either party and Caddo's investigation of Microchip's infringement is ongoing. Moreover, Caddo has yet to receive any production of any core technical documents and therefore this disclosure is based in large part upon information that Caddo has been able to obtain publicly, together with Caddo's current good faith beliefs regarding the Accused Instrumentalities.[1]

This disclosure is given without prejudice to Caddo's rights, and Caddo hereby expressly reserves its rights and ability to further supplement or amend its contentions, including without limitation to add asserted claims or accused methods/products as additional facts are ascertained, analyses are made, research is completed, contentions are made, and claims are construed.  The following disclosures are made subject to and without waiving any of the foregoing.

I.     THE ASSERTED CLAIMS

Caddo, based on the information presently available to it, asserts that Microchip infringes each of the following claims:

| Asserted Patent | Asserted Claims | Priority Date[2] |
|---|---|---|
| The '411 Patent | Claims 1-4 and 6 | at least as early as Jun. 6, 2002 based on U.S. Application No. 10/164,520 |
| The '301 Patent | Claims 1-5 and 9 | at least as early as Jun. 6, 2002 based on U.S. Application No. 10/164,520 |

---

[1] While the Court uses the term "accused product(s)" in its Order (Dkt. 15, § 2), it should be understood that the infringement of an "Accused Instrumentality" as described herein includes the use of systems, devices, components, and other instrumentalities that meets the standards for infringement under 35 U.S.C. § 271.

[2] Caddo makes this disclosure without waiving any argument that it is entitled to an earlier date of invention based on activities predating the filing of the applications identified above.

| The '517 Patent | Claims 1-6 | at least as early as Jun. 6, 2002 based on U.S. Application No. 10/164,520 |
| The '836 Patent | Claims 1-5 and 7-8 | at least as early as Jun. 6, 2002 based on U.S. Application No. 10/164,520 |
| The '880 Patent | Claims 1, 3-10, 12-20, and 22 | at least as early as Jun. 6, 2002 based on U.S. Application No. 10/164,520 |
| The '127 Patent | Claims 1, 3-11, 13-14, 16-24, and 26 | at least as early as Jun. 6, 2002 based on U.S. Application No. 10/164,520 |

## II.   ACCUSED INSTRUMENTALITIES & PRELIMINARY INFRINGEMENT CLAIM CHARTS

Caddo, based on the information presently available to it, identifies the following

Accused Instrumentalities that infringe the Asserted Claims as described in the attached claim

charts (Exhibits A-F).

### A.   The '411 Patent

All of the Asserted Claims of the '411 patent are infringed by each of the "'411 Accused

Instrumentalities" defined collectively to include, without limitation: (i) web pages and content,

including user interfaces such as a hierarchical collapsing menu structure, to be interactively

presented in browsers, including, without limitation, the web pages and content accessible via

https://www.microchip.com/ and maintained on servers located in and/or accessible from the

United States under the control of Defendant that allow navigation within a multi-level

hierarchical collapsing menu structure, where each level in the menu structure contains plural

items, each item being at least one of a function, a pointer to a location, and a pointer to another

level; (ii) software, including, without limitation, software that allows web pages and content,

including a hierarchical collapsing menu structure, to be interactively presented in and/or served

to browsers to facilitate navigating within a multi-level hierarchical collapsing menu structure,

where each level in the menu structure contains plural items, each item being at least one of a

function, a pointer to a location, and a pointer to another level; (iii) computer equipment

3

including, without limitation, computer equipment that stores, serves, hosts, supports, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical collapsing menu structure, where each level in the menu structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level, and any products, devices, systems, and/or components of systems with the same or substantially the same technical features and/or functionalities with respect to Caddo's preliminary infringement contentions as any of the foregoing (hereinafter, the "'411 Accused Instrumentalities") that were or are designed, developed, tested, made, used, offered for sale, sold in the United States, imported into the United States, or that have a nexus to the United States.

**B.     '301 Patent**

All of the Asserted Claims of the '301 patent are infringed by use of each of the "'301 Accused Instrumentalities" defined collectively to include, without limitation: (i) web pages and content, including user interfaces such as a hierarchical information structure, to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.microchip.com/ and maintained on servers located in and/or accessible from the United States under the control of Defendant that allow navigating a multi-level hierarchical information structure, where each level in the information structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level; (ii) software, including, without limitation, software that allows web pages and content to be interactively presented in and/or served to browsers to facilitate navigating within a multi-level hierarchical information structure, where each level in the information structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, hosts, supports, and/or runs any of the foregoing or that allows navigating within a multi-

level hierarchical information structure, where each level in the information structure contains plural items, each item being at least one of a function, a pointer to a location, and a pointer to another level, and any products, devices, systems, and/or components of systems with the same or substantially the same technical features and/or functionalities with respect to Caddo's preliminary infringement contentions as any of the foregoing (hereinafter, the "'301 Accused Instrumentalities") that were or are designed, developed, tested, made, used, offered for sale, sold in the United States, imported into the United States, or that have a nexus to the United States.

C.      '517 Patent

All of the Asserted Claims of the '517 patent are infringed by use of each of the "'517 Accused Instrumentalities" defined collectively to include, without limitation: (i) web pages and content, including user interfaces such as a hierarchical menu structure, to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.microchip.com/ and maintained on servers located in and/or accessible from the United States under the control of Defendant that allow navigating within a hierarchical menu structure, where each level in the menu contains plural items; (ii) software, including, without limitation, software that allows web pages and content to be interactively presented in and/or served to browsers to facilitate navigating within a hierarchical menu structure, where each level in the menu contains plural items; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, hosts, supports, and/or runs any of the foregoing or that allows navigating within a hierarchical menu structure, where each level in the menu contains plural items, and any products, devices, systems, and/or components of systems with the same or substantially the same technical features and/or functionalities with respect to Caddo's preliminary infringement contentions as any of the foregoing (hereinafter, the "'517 Accused

Instrumentalities") that were or are designed, developed, tested, made, used, offered for sale, sold in the United States, imported into the United States, or that have a nexus to the United States.

### D.      The '836 Patent

All of the Asserted Claims of the '836 patent are infringed by use of each of the "'836 Accused Instrumentalities" defined collectively to include, without limitation: (i) web pages and content, including user interfaces such as a hierarchical information structure, to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.microchip.com/  and maintained on servers located in and/or accessible from the United States under the control of Defendant that allow navigating within a multi-level hierarchical information structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level; (ii) software, including, without limitation, software that allows web pages and content to be interactively presented in and/or served to browsers to facilitate navigating within a multi-level hierarchical information structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, hosts, supports, and/or runs any of the foregoing or that allows navigating within a multi-level hierarchical information structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, and any products, devices, systems, and/or components of systems with the same or substantially the same technical features and/or functionalities with respect to Caddo's preliminary infringement contentions as any of the foregoing (hereinafter, the "'836 Accused Instrumentalities") that were or are designed, developed, tested, made, used, offered for sale, sold in the United States, imported into the United States, or that have a nexus to the United States.

E.      **The '880 Patent**

All of the Asserted Claims of the '880 patent are infringed by use of each of the "'880 Accused Instrumentalities" defined collectively to include, without limitation: (i) web pages and content, including user interfaces such as an information structure, to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.microchip.com/  and maintained on servers located in and/or accessible from the United States under the control of Defendant that allow navigating an information structure; (ii) software, including, without limitation, software that allows web pages and content to be interactively presented in and/or served to browsers to facilitate navigating an information structure; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, hosts, supports, and/or runs any of the foregoing or that allows navigating an information structure, and any products, devices, systems, and/or components of systems with the same or substantially the same technical features and/or functionalities with respect to Caddo's preliminary infringement contentions as any of the foregoing (hereinafter, the "'880 Accused Instrumentalities") that were or are designed, developed, tested, made, used, offered for sale, sold in the United States, imported into the United States, or that have a nexus to the United States.

F.      **The '127 Patent**

All of the Asserted Claims of the '127 patent are infringed by use of each of the "'127 Accused Instrumentalities " defined collectively to include, without limitation: (i) web pages and content, including user interfaces such as an information structure, to be interactively presented in browsers, including, without limitation, the web pages and content accessible via https://www.microchip.com/  and maintained on servers located in and/or accessible from the United States under the control of Defendant that allow navigating an information structure; (ii) software, including, without limitation, software that allows web pages and content to be

interactively presented in and/or served to browsers to facilitate navigating an information structure; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, hosts, supports, and/or runs any of the foregoing or that allows navigating an information structure, and any products, devices, systems, and/or components of systems with the same or substantially the same technical features and/or functionalities with respect to Caddo's preliminary infringement contentions as any of the foregoing (hereinafter, the "'127 Accused Instrumentalities") that were or are designed, developed, tested, made, used, offered for sale, sold in the United States, imported into the United States, or that have a nexus to the United States.

## III.    CLAIM CHARTS

Exhibit A is a claim chart identifying where each element of each Asserted Claim of the '411 patent is found within the '411 Accused Instrumentalities.

Exhibit B is a claim chart identifying where each element of each Asserted Claim of the '301 patent is found within the '301 Accused Instrumentalities.

Exhibit C is a claim chart identifying where each element of each Asserted Claim of the '517 patent is found within the '517 Accused Instrumentalities.

Exhibit D is a claim chart identifying where each element of each Asserted Claim of the '836 patent is found within the '836 Accused Instrumentalities.

Exhibit E is a claim chart identifying where each element of each Asserted Claim of the '880 patent is found within the '880 Accused Instrumentalities.

Exhibit F is a claim chart identifying where each element of each Asserted Claim of the '127 patent is found within the '127 Accused Instrumentalities.

Any citations included in the charts are exemplary only, and are not limiting.  Caddo notes that Microchip has not yet provided discovery in this matter because non-venue discovery is stayed and Caddo has prepared these charts based on the limited information presently

available to it.  Caddo has subdivided the Asserted Claims in the charts to explain where the Accused Instrumentalities meet each claim element.  These subdivisions are not to be taken as an indication of the boundaries of claim elements with respect to the doctrine of equivalents, or any other issue.  In addition, the Accused Instrumentalities and Defendant's other products/services or use thereof may infringe the Asserted Claims in multiple ways.  Caddo reserves the right to provide an alternative claim mapping or infringement contentions for the Accused Instrumentalities or Defendant's other products/services.  Caddo further reserves the right to rely upon the opinions of one or more experts in support of its infringement contentions and/or modifications and revisions thereof.  Caddo accordingly reserves its right to amend or supplement these charts upon obtaining relevant information during discovery.

## IV.     DIRECT AND INDIRECT INFRINGEMENT

### 1.      Direct and Indirect Infringement

Caddo contends that Microchip directly infringes each of the Asserted Claims under 35 U.S.C. § 271(a) each time that it makes, uses, tests, and/or hosts in the United States the Accused Instrumentalities, or products, devices, systems, and/or components of systems, that practice the claimed methods as described in further detail in Exhibits A-F.  Microchip directly infringes each of the Asserted Claims under 35 U.S.C. § 271(a) each time that it imports the Accused Instrumentalities into the United States.  Microchip's customers similarly directly infringe each of the Asserted Claims under 35 U.S.C. § 271(a) each time that a customer uses in the United States any of the Accused Instrumentalities that perform the claimed methods as described in further detail in Exhibits A-F.  To the extent that the Accused Instrumentalities are made such that some elements are supplied or provided by Microchip's business partners, service providers, or third-party vendors (none of which have yet been disclosed in discovery), Microchip and such third parties are liable for joint infringement of such claims.

Microchip additionally infringes each of the Asserted Claims pursuant to § 271(b) by inducing infringement of each of the Asserted Claims, such as by end users and customers of the Accused Instrumentalities.  Microchip actively induces infringement of third parties by (a) providing the Accused Instrumentalities to third parties and intending them to use; (b) advertising these Accused Instrumentalities through Microchip's own and through third party websites; (c) encouraging customers and other third parties to communicate directly with Microchip representatives about the Accused Instrumentalities for purposes of technical assistance and repair as well as sales and marketing; (d) providing instructions as to how to use the Accused Instrumentalities in an infringing manner (as further explained in Exhibits A-F), thereby making, importing into the United States, and/or using the Accused Instrumentalities, or performing the claimed methods of the Asserted Claims, with knowledge that such conduct constitutes an act of infringement.  Microchip has proceeded in this manner despite its actual knowledge of the Asserted Patents and that the specific actions it actively induced and induces on the part of its customers and other third parties constitutes infringement of the Asserted Patents.  At the very least, because Microchip has been and remains on notice of the Asserted Patents and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

Microchip additionally infringes each of the Asserted Claims pursuant to § 271(c) by providing the Accused Instrumentalities, including web pages and content, user interfaces (e.g., hierarchical collapsing menu structure, hierarchical information structure, information structure, and/or hierarchical menu structure), software, and/or computer equipment as identified above, Microchip contributes to the direct infringement of users of the Accused Instrumentalities, and similar products, devices, systems, and/or components of systems that are critical and material

components of the Accused Instrumentalities that infringe the Asserted Patents, where these Accused Instrumentalities constitutes a material part of the claimed inventions (as further described in Exhibits A-F), Microchip knows these Accused Instrumentalities to be especially made or especially adapted for use in infringement of the Asserted Claims, and the Accused Instrumentalities are not a staple article or commodity of commerce suitable for substantial non-infringing use.

## V.     ACCOMPANYING DOCUMENT PRODUCTION

As set forth in the Court's Order Governing Proceedings (Dkt. 15), Caddo made a document production of (1) all documents evidencing conception and reduction to practice for each claimed invention that are in the possession or custody of Caddo, and (2) a copy of the file history for each Asserted Patent.

The file histories are disclosed at Bates ranges:

'411 Patent file history: CADDO_MICRO000001-CADDO_MICRO000298;

'301 Patent file history: CADDO_MICRO000299-CADDO_MICRO000498;

'517 Patent file history: CADDO_MICRO000499-CADDO_MICRO000699;

'836 Patent file history: CADDO_MICRO000700-CADDO_MICRO000877;

'880 Patent file history: CADDO_MICRO000878-CADDO_MICRO001118; and

'127 Patent file history: CADDO_MICRO001119-CADDO_MICRO001361.

Dated: September 17, 2020

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (pro hac vice pending)
tdevlin@devlinlawfirm.com
Alex Chan
Texas State Bar No. 24108051
achan@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs,*
*Caddo Systems, Inc. and 511 Technologies, Inc.*