# EXHIBIT 4



```
1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com
```

SEPTEMBER 10, 2021

Travis Jensen
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7458
Facsimile: (512) 263-2166
tjensen@orrick.com

Re:   *Caddo Systems, Inc. et al. v. Microchip Technology Incorporated*, C.A. No. 6:20-cv-00245-ADA (W.D. Tex.)

Travis,

We write in response to Microchip's August 13, 2021 letter ("Letter") regarding Caddo Systems Inc.'s and 511 Technologies Inc.'s ("Caddo") June 11, 2021 Final Infringement Contentions ("FICs"). As an initial matter, Caddo is disappointed with Microchip's Letter, as it appears to either wholly ignore or intentionally disregard the responses in Caddo's August 5, 2021, letter ("Reply Letter") and the parties' discussion during the August 24, 2021, meet and confer. Nevertheless, each of your concerns is re-addressed below.

> **I.   Caddo Will Withdraw Its Allegations Pertaining To The Microchip Direct Website But Will Continue to Pursue Damages In Connection With The Microchip Direct Website**

For reasons already discussed in our August 5, 2021, letter, Caddo will agree to withdraw its allegations against the Microchip Direct Website but will continue to pursue damages associated with the Microchip Direct Website, including sales (past, present, or future) that are diverted from www.microchip.com to the Microchip Direct Website through the use of the Accused Instrumentalities.

> **a.   Microchip Fails to Identify Any Alleged "Prejudice" It Has Suffered Through Caddo's FICs**

As explained in Caddo's Reply Letter, Caddo was prejudiced by Microchip's lack of notice that the www.microchip.com website was redesigned, not the other way around. (Reply Letter at 2-3.)

DEVLIN LAW FIRM
September 10, 2021
Page 2 of 7

      First, Microchip maintains that because the www.microchip.com website was redesigned, it operates differently than the previously accused www.microchip.com website.  Not so.  As shown in Caddo's FICs, while the *design* of the accused instrumentalities may look different, their *function* remains largely similar (and identical in some instances).

      Microchip argues that it was prejudiced by Caddo's FICs through "(1) *Markman* proceedings; and (2) invalidity contentions."  (Letter at 3.)  As stated in our Reply Letter, these arguments do not hold water.

      First, Microchip has only itself to blame for any resulting prejudice.  Having known that it would redesign the www.microchip.com website months before the parties started the claim construction briefing process (to be discussed further below), Microchip failed to disclose its knowledge and the extent of the design to Caddo.  Indeed, the Court's Order Governing Proceedings expressly required Microchip to produce "technical documents, including software where applicable, sufficient to show the operation of the accused product(s)."  Despite this mandate, Microchip failed to produce *any* technical documents in connection with the redesigned website.  Microchip cannot now play the "blame game" when it made the conscious decision to conceal such documents from Caddo.

      Also, the *Markman* proceedings in this matter began on January 21, 2021 (Dkt. 22) and were completed on March 3, 2021 (Dkt. 26).  As Microchip has stated in its August 25, 2021, Responses and Objections to Caddo's First Set of Interrogatories ("ROG Responses"), Microchip completed its redesign of the Original Website by "September 26, 2020" or "late 2020."  (ROG Responses at 9-10, 25.)  Thus, all *Markman* proceedings were concluded months ***after*** Microchip had redesigned its website.  Most importantly, Microchip knew that it would redesign its website as well as the scope of the redesign months ***before*** the hearing.  Despite this knowledge, Microchip decided against construing terms that would have an adverse impact on its non-infringement theories.  Indeed, Microchip could easily have proposed terms covering its redesigned website and constructions that would support arguments now raised in Microchip's Letter—information that ***only Microchip was aware of***; yet Microchip chose not to construe such terms even before the parties began the claim construction briefing process.  That Microchip now seeks a second bite at the apple by claiming it suffered alleged "prejudice" falls flat.

      Similarly, Microchip's June 11, 2021, final invalidity contentions were completed months ***after*** Microchip redesigned its the Microchip Direct website.  Caddo has not raised any new infringement theories with respect to the version of the Accused Instrumentalities alleged in the Complaint.  Furthermore, Microchip ***still*** fails to explain what "new theories" have been introduced that are allegedly prejudicial.  (Letter at 4.)  As such, Caddo's FICs have caused no prejudice to Microchip.

### II. Caddo's Infringement Theories Are Adequately Disclosed

As discussed below, Caddo adequately disclosed its infringement theories.

    a. **"graphical user menu system" (Final Infringement Contentions, Ex. A ('411 Patent))**

Caddo disagrees that its Reply Letter did not resolve any alleged deficiencies. The Reply Letter specifically points to examples of the "graphical user menu system" identified in Caddo's FICs. (Reply Letter at 3-5.) You have not even addressed the substance discussed in our Reply Letter. Nor have you explained why the exemplary elements pointed to in the Reply Letter do not sufficiently put Microchip on notice as to its infringement theories.

In that regard, we confirm that we are relying on evidence identified in Caddo's PICs, and examples discussed on pages 3-5 of our Reply Letter to demonstrate Microchip's willful infringement.

    b. **"rolling over a given active link . . . triggers the display of menu items on the hierarchical level associated with said given active link . . ." (FICs, Ex. C ('517 Patent))**

While Caddo disagrees with Microchip's characterizations of Caddo's FICs for this limitation, given Microchip's representations in its Letter Caddo will also consider this issue resolved.

    c. **"pre-selecting a given active link triggers the display of sibling menu items . . ." (FICs, Ex. A ('411 Patent))**

Microchip's contention that Caddo has somehow disclosed "new infringement theories" for the term "pre-selecting" is a thinly-veiled attempt for Microchip to get a second bite of the claim construction apple.

As stated above, Microchip was aware of its redesigned website when Microchip proposed its original claim construction positions. *See* Section I(a). That Microchip is now contending that "[w]hatever else 'pre-selecting' a link may mean, it does not mean actually selecting the link by clicking on it to load a new webpage" is a blatant attempt at importing new meaning into a new term. Such gamesmanship has been rejected by the Court before. *See Gree, Inc. v. Supercell Oy*, C.A. No. 2:19-cv-00070-JRG-RSP, 2020 U.S. Dist. LEXIS 165478 at *2, 6-7, 14-15 (E.D. Tex. Jul. 27, 2020) (rejecting defendant's motion for summary judgment of invalidity based on an "improper claim construction argument[s]" advanced post-*Markman*).

Regardless, as stated in our Reply letter, the Court has already construed a phrase that contains this very term as "plain and ordinary." (Dkt. 34 at 2.) That Microchip does

**DEVLIN** LAW FIRM

September 10, 2021
Page 4 of 7

not agree with the Court's construction is not ground for "sanctions and fees." Should Microchip pursue such a motion in bad faith, Caddo hereby gives notice that it will seek its attorney fees and costs in defending against such a frivolous motion.

Additionally, Microchip's demand that Caddo "withdraw its allegations against the redesigned website" is baseless. As detailed above, Microchip redesigned its website in the middle of litigation, then failed to diligently inform Caddo of this fact until months later (and months after initial infringement contentions were due). That Caddo has provided in its FICs infringement theories covering Microchip's belatedly disclosed, *newly* infringing products cannot reasonably serve as the basis for Microchip's demand.

Finally, Microchip attempts to create confusion by arguing, for the first time, that Caddo's Reply Letter demonstrates only "*where* the display" of sibling menu items occurs for this limitation, but does not identify "*what* must be displayed (*i.e.* sibling menu items)." (Letter at 7.) This is demonstratively false. Caddo identifies both the what and the where in its Reply letter and FICs. (e.g., the sibling menu items (*i.e.* the "what") of "Overview," "Get Started," "Functional Safety," "Evaluation Boards," "System Features," and "Parametric Chart" to the AVR DA product family). (Reply Letter at 7-8; FICs, Ex. A at 27-29.) As stated in the Reply Letter and as shown below, these sibling menu items are displayed "on the level associated with said given active link" (*i.e.* the "where"):



See, e.g., https://www.microchip.com/en-us/products/microcontrollers-and-microprocessors/8-bit-mcus/avr-mcus/avr-da.
(FICs, Ex. A, at 28.)

Nevertheless, as a good faith attempt to resolve and reduce the number of disputes in this matter, Caddo agrees to withdraw its infringement allegations for the newly Redesigned Website for claim 1 (and claims dependent thereon) of the '411 patent. Caddo maintains its infringement allegations for claim 1 of the '411 patent for the Original Website.

### III. Caddo's Doctrine of Equivalents ("DoE") Allegations Are Adequate

Caddo's DoE allegations in its FICs are more than adequate, and Caddo has already provided clarifications for any confusion in its Reply Letter. Microchip's continued objections to Caddo's FICs represent a basic misunderstanding of Caddo's FICs and Reply Letter at best, and an intentional misreading at worst.

DEVLIN LAW FIRM
September 10, 2021
Page 5 of 7

As one example, Microchip cites to *Sycamore IP Holdings LLC v. AT&T Corp.* for the proposition that Caddo's DoE infringement contentions do not meet the "more fulsome disclosure requirement" in this district. (Letter at 7, citing *Sycamore IP Holdings LLC v. AT&T Corp.* No. 2:16-CV-588-WCB, 2017 U.S. Dist. LEXIS 167297 at *13 (E.D. Tex. Oct. 10, 2017).) But as explained in Caddo's Reply Letter, Caddo's DoE contentions are distinguished from the insufficient DoE allegations in *Sycamore IP*. In *Sycamore IP*, the Court found the "boilerplate" language in plaintiff's original contentions for plaintiff's doctrine of equivalents infringement allegations insufficient, as they only provided that "[a]t present, [plaintiff] lacks knowledge . . . as to whether [plaintiff] will be contending that any limitations . . . are satisfied" under the doctrine of equivalents." *Sycamore IP* at *6-7.

Here, as explained in Caddo's Reply Letter, Caddo has cited to and named active link and sibling menu items as being met under the DoE and performing substantially the same function in substantially the same way to obtain the same result:

> [T]he limitation is met under the doctrine of equivalents by the '411 Accused Instrumentalities because they perform substantially the same function (displaying the menu items such as "Products Categories," "Developments," "Software Solutions," "Application Design Centers," and "Product Selections") in substantially the same way (e.g. displaying the menu items on the level associated with the link "Microcontrollers and Microprocessors" to produce substantially the same result (e.g., displaying the menu items without disturbing the displayed Active Path (e.g. "Products / Microcontrollers and Microprocessors"))

(FICs, Ex. A at 29-30.)

Caddo's FICs provide citations and screenshots to each of the above-described limitations throughout the FICs. (*See* FICs, Ex. A at 19-20, 24-30.) These pages have "to do" with Caddo's DoE allegations because they provide the citations and screenshots of the portions of Microchip's websites that Caddo alleges infringe under the DoE. Thus, Microchip's contention that "Plaintiffs do not provide any citations to particular webpages for their doctrine of equivalents allegations" is "plainly false" is, itself, plainly false. (Letter at 7.)

### a. "sibling menu items" limitations

Once again, Microchip's assertions for the "sibling menu items" limitations reflect a basic misunderstanding at best, or intentionally misreading at worst, of Caddo's FICs.

First and foremost, that Caddo is further clarifying its FICs does not "confirm[] that the theory was not adequately disclosed in the first instance." (Letter at 8.) This

DEVLIN LAW FIRM
September 10, 2021
Page 6 of 7

demonstrates Caddo's efforts to resolve these disputes without Court interference.  That Microchip would fault Caddo for providing these clarifications, at Microchip's request, shows that Microchip is only interested in a "blame game" but otherwise lacks good faith in resolving any of the disputes discussed herein.

Microchip also misstates Caddo's letter, arguing "Caddo is only asserting DOE for the 'display' portion of the claim element."  (Letter at 8.)  Caddo offers this DoE theory "for the purpose of demonstrating that this limitation is met *regardless of which menu items on which respective active link are displayed*."  (Reply Letter at 9.)  Caddo already walked through an example of how Microchip "still infringe[s] under Caddo's DoE theory because the Accused Instrumentalities still achieve the 'display' of 'sibling menu items on the level associated with said given active link without disturbing the displayed Active Path.'"  (Reply Letter at 9, *citing* FICs, Ex. A at 20.)  This citation and screenshot (replicated below) demonstrates the DoE theory articulated on pages 29-30 of Ex. A to Caddo's FICs:



*See* FICs, Ex. A at 20.

Finally, the headings and menu items "Product Categories," "Developments," "Software Solutions," "Application Design Centers," and "Product Selections" do appear "in the screenshots and figures of Microchip's website" (see above).  Microchip's contention to the contrary is plainly false, and demonstrates a lack of understanding for both Caddo's FICs and Caddo's Reply Letter.  (Letter at 8-9.)

> **b. "one or more active links allow the display of one or more items on the given level of the information structure when a pointer is rolled over one of the active links" ('880 and '127 patents)**

Again, Microchip's assertions for the "sibling menu items" limitations reflect a basic misunderstanding at best, or intentionally misreading at worst, of Caddo's FICs and the clarifications in the Reply Letter.

Microchip argues Caddo "fails to explain how the 'when a pointer is rolled over one of the active links' [limitation] is satisfied under the doctrine of equivalents."  (Letter at 9.)  Microchip also argues, for the first time, that this same deficiency extends to the "roll[ed/ing] over" limitation in the '301 patent, '517 patent, and '836 patent.  (Letter at 9.)

For reasons already stated in our Reply Letter, Caddo disagrees with Microchip's

**DEVLIN LAW FIRM**

September 10, 2021
Page 7 of 7

characterizations and arguments.  Nevertheless, in a good faith attempt to resolve and reduce the number of disputes in this matter, Caddo agrees to withdraw its DoE infringement allegations for the "roll[ed/ing] over" limitation for the '301 patent (claim 3), '517 patent (claims 1 and 3), '836 patent (claim 3), '880 patent (claims 3 and 12) and '127 patent (claims 3 and 16).  Caddo maintains its infringement allegations for the Original Website.

For at least these reasons, we disagree that Microchip is prejudiced in any way by Caddo's FICs as to Caddo's DoE theories.

\*   \*   \*

If Microchip prefers to meet and confer again on any of the issues identified herein, Caddo is available.

Sincerely,

*/s/ Alex Chan*
Alex Chan