IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CADDO SYSTEMS, INC. AND 511 TECHNOLOGIES, INC., | § § § | |
| Plaintiffs, | § § | NO. 6:20-cv-245-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| MICROCHIP TECHNOLOGY INCORPORATED, | § § § | |
| Defendant. | § § | |
| CADDO SYSTEMS, INC. AND 511 TECHNOLOGIES, INC., | § § | |
| Plaintiffs, | § § | NO. 6:20-cv-244-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| NXP USA, INC., | § § | |
| Defendant. | § § | |

**MICROCHIP AND NXP'S OPPOSED MOTION
TO AMEND FINAL INVALIDITY CONTENTIONS**

## I.    INTRODUCTION

Microchip Technology Inc. ("Microchip") and NXP USA, Inc. ("NXP") (collectively "Defendants") respectfully move for leave to supplement their Final Invalidity Contentions with additional information regarding the work done by Luke Wroblewski, a third-party fact witness.[1] Defendants' Initial and Final Invalidity Contentions identified and charted Mr. Wroblewski's work, including his book "Site-Seeing: A Visual Approach To Web Usability."  After Defendants served their Final Invalidity Contentions, Mr. Wroblewski produced documents and sat for a full-day deposition in response to Defendants' subpoenas.  In view of the newly obtained discovery, Defendants seek to supplement their contentions.

Mr. Wroblewski's work is highly relevant to this case.  In the course of writing his "Site-Seeing" book, he conceived and implemented precisely the "drop down breadcrumb" navigation feature described and claimed in the asserted patents.  Mr. Wroblewski completed work on the relevant sections of his book no later than April 2002 (as shown by the manuscripts he produced), provided *handwritten* notes dated Dec. 16, 2001 disclosing a drop-down breadcrumb, and testified that he implemented the invention on his website, all before the asserted patents' earliest filing date.  In addition to qualifying as prior art under section 102(g)(2), Mr. Wroblewski's work is evidence of simultaneous invention (which tends to show obviousness), the level of ordinary skill in the art, and also provides evidence of motivation to combine.

Good cause exists for Defendants to supplement their invalidity contentions based on the information provided by Mr. Wroblewski, which was not available when they served their Final

---

[1] Defendants Microchip and NXP originally sought leave to amend under the Court's discovery dispute resolution procedures, OGP 3.5.  Pursuant to the Court's guidance, Microchip is re-presenting its request as a formal motion subject to full briefing.  Ex. 1 (12/2/2021 Email from Court).

Invalidity Contentions in June 2021.  Defendants acted diligently in seeking discovery from Mr. Wroblewski and supplementing their contentions.  Caddo will not be prejudiced by amendment, since it has long been on notice that Defendants believe Mr. Wroblewski's work invalidates the asserted claims, including over 100 pages of claim charts in the Final Invalidity Contentions.  In addition, Defendants' timely served opening expert report on invalidity provides Caddo full disclosure of Defendants' theories, which Caddo will have the opportunity to respond to and test through expert discovery.

The Court should grant leave to amend Defendants' invalidity contentions to reflect the new information obtained from Mr. Wroblewski, so that the invalidity of the asserted patents can be properly evaluated on the merits.

## II.    PROCEDURAL BACKGROUND

Caddo filed this suit in March 2020 and served preliminary infringement contentions on September 17, 2020.  Defendants served preliminary invalidity contentions on November 19, 2020 ("Preliminary Contentions").  Among other prior art, Defendants' Preliminary Contentions identified both the book "Site-Seeing: A Visual Approach to Web Usability" by Luke Wroblewski and Mr. Wroblewski's work on that book as prior art.  Ex. 2 (Preliminary Contentions) at 11.  After the Court's *Markman* ruling in April 2021, the parties exchanged final contentions on June 11, 2021.  Defendants maintained their contentions regarding Mr. Wroblewski's book and work as invalidating prior art.  Ex. 3 (Final Invalidity Contentions) at 11-12.

Thereafter, the parties exchanged correspondence in which Defendants sought to clarify and narrow the scope of Caddo's infringement assertions, as is further described in Microchip's Motion to Strike (Dkt. 48).  On September 27, 2021, Microchip subpoenaed Mr. Wroblewski for documents and deposition testimony.  Mr. Wroblewski sat for a full day deposition on October

13, 2021.  Counsel for Microchip, Caddo, and NXP all questioned Mr. Wroblewski at length.

Mr. Wroblewski also produced multiple rounds of documents, before, during, and after his

deposition.

On October 23, 2021, Caddo demanded that Defendants withdraw their contentions for

Wroblewski, claiming that his work did not qualify as prior art.  Ex. 4 (10/23/2021 Letter).  The

same day, Defendants notified Caddo of their intent to amend their contentions based on the

information Mr. Wroblewski provided in discovery.  Ex. 5 (10/23/2021 Jensen Email).  Caddo

indicated on October 29, 2021 that it would oppose amendment.  After receiving Mr.

Wroblewski's deposition transcript and document productions, Defendants prepared

supplemental contentions (showing updates in redline).  On November 17, 2021 Defendants

served the proposed supplemental contentions and its portion of a joint discovery dispute

statement.  Ex. 6.  The parties submitted the joint statement to the Court on November 23, 2021.

On December 2, 2021, the Court directed the parties to provide full briefing.

## III.    FACTUAL BACKGROUND

The six asserted patents are generally directed to a navigation system for hierarchical

menus that includes a sequence of "active links," each of which can provide "direct access" to

items of the corresponding hierarchical level, such as via the pull-down menu shown in Figure

5A of the '301 Patent:



Caddo contends that the asserted patents have an earliest priority date of June 6, 2002. However, four of the asserted patents (the '301, '836, '880, and '127 patents) are continuation-in-part patents that added new matter *after* June 6, 2002. *See*, *e.g.*, Ex. 7 ('301 patent, cover page at item 63: "Continuation-in-part of application No. 10/164,520").

In his book, Mr. Wroblewski described and illustrated the exact same style of menu in a section called "Drop down the breadcrumbs." Ex. 8 (LW_0013) at 18.



The book explains that on Mr. Wroblewski's own "LukeW.com site, breadcrumbs are combined with drop-down menus." *Id.* During his deposition, Mr. Wroblewski testified that he had conceived of the idea for this navigation by late 2001, as reflected in the notes for his book. Ex. 9 (Wroblewski Tr.) at 83. Mr. Wroblewski implemented the idea on his publicly available website no later than April 2002 to take screenshots for inclusion in the book. *Id.* at 153-154, 194-195. The manuscript for the relevant chapter of his book, which Mr. Wroblewski produced, bears a "last modified" metadata date of April 4, 2002. *Id.* at 47-50.

Caddo has long been on notice that Defendants contend Mr. Wroblewski's book and work are prior art. Defendants' Preliminary Contentions included over 100 pages charting the Wroblewski book. Ex. 10 (Preliminary Contentions Chart A-4). In addition, Defendants disclosed their contentions that Mr. Wroblewski's work constituted prior invention:

> [T]he work by Luke Wroblewski is an invalidating prior invention under
> § 102(g)(2). Mr. Wroblewski did not abandon, suppress, or conceal his invention
> as evidenced by the fact that he published the Site-Seeing book about it. Upon
> information and belief, the manuscript for Chapter 2 of the Site-Seeing reference,

which discloses the combination of a dynamic breadcrumb path with dropdown
menus, was completed in April of 2002 and is thus prior art.

Ex. 2 (Preliminary Contentions) at 11.  Defendants maintained these contentions when they

served Final Invalidity Contentions on June 11, 2021.

Defendants seek to supplement their contentions to cite additional factual testimony and

documents that Mr. Wroblewski provided in discovery after the Final Invalidity Contentions

were served.  *See* Ex. 6 (Proposed Supplemental Wroblewski Chart showing new material in

redline).

## IV.    LEGAL STANDARD

A party may amend its contentions upon a showing of good cause and the Court's

consent.  *See* Fed. R. Civ. P. 16(b)(4); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-

ADA, Dkt. 146 (W.D. Tex. Mar. 23, 2020).  Courts in the Fifth Circuit use the following four

factors to determine whether there is good cause under Rule 16(b)(4): "(1) the explanation for

the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such

prejudice."  *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003)

(citation and brackets omitted).

## V.    ARGUMENT

The Court should allow Defendants to amend their invalidity contentions with respect to

Wroblewski, because the good cause factors are met, and Wroblewski is key prior art that should

be adjudicated on the merits.

### A.    Defendants Have Diligently Sought To Supplement After Receiving Discovery From Mr. Wroblewski.

Defendants' amendments are based on information that was not available when they

served their Final Invalidity Contentions in June 2021.  Specifically, Mr. Wroblewski sat for

deposition on October 13, 2021 and produced documents that same month in response to Defendants' subpoenas.  The information Mr. Wroblewski provided is consistent with Defendants' prior contentions and confirms that Mr. Wroblewski conceived and reduced to practice the invention of the asserted patents prior to June 2002.  However, particularly in light of Caddo's October 23, 2021 assertions that Wroblewski does not qualify as prior art and its stated intention to strike Microchip's contentions, Microchip seeks to supplement its Wroblewski claim chart to more specifically identify the new evidence that supports its contentions.

Defendants promptly notified Caddo of their intent to supplement the Wroblewski contentions on October 23, 2021.  Defendants also diligently prepared supplemental contentions less than a month after receiving Mr. Wroblewski's deposition transcript on October 25, 2021, during a period that the parties were actively engaged in other discovery including multiple depositions.  After serving its proposed supplemental contentions, Defendants promptly brought the dispute to the Court's attention on November 23, 2021.  Pursuant to the Court's guidance, Defendants now re-submit this issue with full briefing.

### B.    Defendants' Amendments Are Important To The Case.

Mr. Wroblewski's book and work are key prior art to the asserted patents.  As discussed above, Mr. Wroblewski's "drop down breadcrumb" menu is exactly the same as the menu disclosed and claimed in the asserted patents.  In addition, Mr. Wroblewski's work was not before the Patent Office during prosecution.  Defendants' invalidity expert extensively discusses and relies on Wroblewski in his expert report as one of only three primary bases of invalidity.

"Prior art references potentially rendering a patent invalid are important."  *See Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00493-JRG-RSP, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019).  Indeed, Courts have frequently granted permission to amend "far after the deadline for the service of invalidity contentions" where the "reference appears to be

exceedingly relevant." *See e.g., Motio, Inc. v. Avnet, Inc.*, No. 4:12-CV-647, 2015 WL 5952530, at *3-4 (E.D. Tex. Oct. 13, 2015). Wroblewski is highly relevant given that it anticipates and renders obvious the asserted patents. In addition to serving as invalidating prior art, Mr. Wroblewski's book and work are evidence of simultaneous invention, motivation to combine, the level of ordinary skill in the art, and secondary considerations for obviousness. *See, e.g.*, *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1305-06 (Fed. Cir. 2010) (citations omitted) ("Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill."); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 766 n.12 (Fed. Cir. 1988) (stating that a document which "was not technically 'prior art'" was admissible to show that a person of ordinary skill in the art suggested solutions to the problem similar to that claimed in the patent.); *NPF Ltd. v. Smart Parts, Inc.*, 187 F. App'x 973 (Fed. Cir. 2006); *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000).

To be clear, Wroblewski was timely disclosed to Caddo and is at issue regardless of whether amendment is permitted. However, Defendants' proposed amendments are also important and relevant because they provide further detail directed to Wroblewski's status as prior art—something Caddo put at issue. Presumably, Caddo thought Wroblewski was important as well when it threatened to strike Defendants' Wroblewski-based contentions. The Court should permit amendment so that there is no question that the new information from Mr. Wroblewski is within the scope of Defendants' contentions.

### C.    Caddo Is Not Prejudiced By Amendment, Because It Has Long Been On Notice Of Wroblewski's Relevance And Microchip's Related Contentions.

Caddo has known of Defendants' contentions regarding Wroblewski since Microchip served preliminary invalidity contentions in November 2020. With those contentions,

Defendants provided 118 pages of charts explaining how Wroblewski met the asserted claim language. Defendants also explained how Mr. Wroblewski's work qualified as prior invention under section 102(g)(2). In addition, Caddo had a full opportunity to question Mr. Wroblewski during his deposition on October 13, 2021 and indeed did so for several hours.

Caddo has not identified any prejudice that it would suffer from amendment. Caddo received all of Mr. Wroblewski's testimony and documents before fact discovery closed November 12, 2021. Caddo does not argue that it needs more fact discovery in light of Defendants' amendments. With respect to *expert* discovery, Caddo's rebuttal expert report on validity is not yet due, so it still has a full opportunity to address Defendants' contentions and their expert's analysis of Wroblewski. In addition, Caddo will have a full opportunity to depose Defendants' invalidity expert.

Thus, there is no prejudice to Caddo in allowing Microchip to amend its contentions, and this factor weighs in favor allowing amendment.

### D.     A Continuance Is Unnecessary.

Since there is no prejudice to Caddo, no continuance is needed to cure any such prejudice. However, to the extent Caddo needs more time to respond to Microchip's invalidity expert report relying on Wroblewski, Defendants have already proposed more time for expert rebuttal reports, but Caddo has refused. The Court recently adjusted the trial dates in both the Microchip and NXP cases. The Microchip case is set for trial June 6, 2022—nearly six months away—while the co-pending case against NXP is set for trial on April 18, 2022. Defendants are proposing that rebuttal expert reports—including Caddo's expert's response regarding Wroblewski—be due January 14, 2022. Caddo is the one pushing for an earlier deadline, on January 4, 2022. This belies any need for a continuance, but in any event shows that the

schedule permits, and defendants are amenable to, giving the parties more time for rebuttal reports.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant leave to amend their Final Invalidity Contentions relating to Mr. Wroblewski's work.


Dated: December 14, 2021                    Respectfully submitted,


                                            */s/ Travis Jensen*
                                            Travis Jensen
                                            California Bar No. 259925
                                            Lillian Mao (admitted *pro hac vice*)
                                            California Bar No. 267410
                                            **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                            1000 Marsh Rd.
                                            Menlo Park, CA 94025
                                            Telephone: 650.614.7400
                                            Facsimile: 650.614.7401
                                            tjensen@orrick.com
                                            lmao@orrick.com

                                            ATTORNEYS FOR MICROCHIP
                                            TECHNOLOGY INCORPORATED

                                            */s/ Barry K. Shelton*
                                            Barry K. Shelton
                                            Texas State Bar No. 24055029
                                            Bradley D. Coburn
                                            Texas State Bar No. 24036377
                                            **SHELTON COBURN LLP**
                                            311 RR 620, Suite 205
                                            Austin, TX 78734-4775
                                            Telephone: (512) 263-2165
                                            Facsimile: (512) 263-2166
                                            bshelton@sheltoncoburn.com
                                            coburn@sheltoncoburn.com

                                            ATTORNEYS FOR DEFENDANT NXP USA,
                                            INC.

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that on or around October 29, 2021, counsel conferred with Alex Chan, Plaintiffs' counsel with respect to this motion as required by Local Rule CV-7(g), and Plaintiffs' counsel indicated that Plaintiffs opposed the relief requested in Defendants' motion.

*/s/ Travis Jensen*
Travis Jensen

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 14, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document by email.

*/s/ Travis Jensen*
Travis Jensen