# EXHIBIT 1

| | |
|---|---|
| **From:** | Jun Zheng <Jun_Zheng@txwd.uscourts.gov> |
| **Sent:** | Thursday, December 2, 2021 10:36 PM |
| **To:** | Veronica McCarty; bshelton |
| **Cc:** | Jensen, Travis; Mao, Lillian J.; coburn; Alex Chan; Vikhyat Kaushal; Timothy Devlin |
| **Subject:** | RE: Caddo Systems v. NXP (6:20-cv-2445-ADA)/Caddo Systems v. Microchip (6:20-cv-245-ADA): Request for discovery conference |

Counsel,

The Court directs the parties to provide full briefing for this issue since it is not a discovery dispute.

  -Jun



**Jun Zheng**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas
Office: (254) 750-1518
Jun_Zheng@txwd.uscourts.gov

---

**From:** Veronica McCarty <vmccarty@devlinlawfirm.com>
**Sent:** Tuesday, November 23, 2021 10:02 AM
**To:** bshelton <bshelton@sheltoncoburn.com>; Jun Zheng <Jun_Zheng@txwd.uscourts.gov>
**Cc:** Jensen, Travis <tjensen@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Caddo Systems v. NXP (6:20-cv-2445-ADA)/Caddo Systems v. Microchip (6:20-cv-245-ADA): Request for discovery conference

**CAUTION - EXTERNAL:**

Jun,

Please also see the attached Exhibit 3, which should have been included in Defendants' prior email to the Court as part of Plaintiffs' evidence and arguments on this issue.

Respectfully,

---



Veronica McCarty
1526 Gilpin Ave, Wilmington, DE 19806
(302) 366-3533 | O:(207) 842-1098
Admitted in PA and DE

The information contained in this communication is confidential and is intended only for the use of the intended addressee. It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Barry Shelton <bshelton@sheltoncoburn.com>
**Sent:** Tuesday, November 23, 2021 10:37 AM
**To:** Jun Zheng <Jun_Zheng@txwd.uscourts.gov>
**Cc:** Jensen, Travis <tjensen@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; Alex Chan <achan@devlinlawfirm.com>; Veronica McCarty <vmccarty@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Caddo Systems v. NXP (6:20-cv-2445-ADA)/Caddo Systems v. Microchip (6:20-cv-245-ADA): Request for discovery conference

Jun,

Defendants NXP and Microchip request a discovery conference to seek leave to amend their final invalidity contentions as outlined below. Thank you for your assistance and have a Happy Thanksgiving.

Regards,

Barry

| Issue | Relief |
|---|---|
| Supplementing Defendants' invalidity contentions with work done by Luke Wroblewski (a third-party fact witness)  (**Plaintiffs**: whether Defendants can bypass motion procedures as required by caselaw, local rules, and OGP in seeking leave to belatedly amend their invalidity contentions).<br><br>**[Defendants' Position]** Microchip and NXP identified and charted the work of Luke Wroblewski (a third-party prior artist), including his "Site-Seeing" book, as prior art in both their initial and final invalidity contentions.<br><br>Good cause exists for defendants to supplement their invalidity contentions because the amendments are based on information not reasonably available when serving final contentions on June 11, 2021.  After serving their final invalidity contentions, defendants diligently sought discovery and took Mr. Wroblewski's | **Defendants' Request:** The Court should grant leave for defendants to supplement their invalidity contentions as shown in the attached document, which adds citations to newly obtained evidence regarding the Wroblewski prior art reference.<br><br>**Plaintiffs' Request:**  This is not a proper way for Defendants to seek leave to amend invalidity contentions, and the Court should order full briefing on this appealable issue before deciding whether to grant Defendant's request to amend.  In the alternative, the Court should deny Defendants' request for leave because the purported "evidence" is neither relevant to their 102(a) allegation (because the purported evidence is not "a printed publication" under 102(a)) nor 102(g) allegation (because Mr. Wroblewski never testified that he "invented" the claimed inventions, much less before the critical date). |

2

deposition for a full day on October 13, 2021.

In preparation for, and at his deposition (which was taken remotely at his home where he maintains his files), Mr. Wroblewski identified additional prior art documents such as hand written notes evidencing when he conceived and reduced to practice the claimed invention.

On October 23, 2021, plaintiffs demanded that defendants withdraw their contentions for Wroblewski. On October 29, 2021, defendants notified plaintiffs of their intent to amend the contentions based on the information Mr. Wroblewski provided. Having now received Mr. Wroblewski's transcript and document productions, Defendants have diligently analyzed those materials and prepared the amended contentions attached hereto.

Defendants maintain that the final invalidity contentions sufficiently disclose their theories relating to Wroblewski, but because Caddo has challenged them, in an abundance of caution Microchip and NXP seek leave to supplement their contentions.

Mr. Wroblewski's work is highly relevant to this case because, in the course of writing his "Site-Seeing" book, he conceived and implemented precisely the "drop down breadcrumb" navigation feature that is claimed in the asserted patents. Mr. Wroblewski completed work on the relevant sections of his book no later than April 2002 (as shown by the manuscripts he produced), provided handwritten notes dated Dec. 16, 2001 disclosing a drop-down breadcrumb, and testified that he implement the invention on his website, all before the asserted patents' earliest filing date. In addition to qualifying as prior art under section 102(g)(2), Mr. Wroblewski's work is evidence of simultaneous invention (which tends to show obviousness), the level of ordinary skill

| | |
|---|---|
| in the art, and also provides evidence of motivation to combine.<br><br>Plaintiffs will not be prejudiced by the supplement. Plaintiffs have long been on notice that defendants' believe Mr. Wroblewski's work invalidates the asserted claims, including over 100 pages of claim charts in the final invalidity contentions. In addition, the parties have yet to exchange expert reports or take expert depositions, through which plaintiffs will have a full opportunity to respond to and test defendants' invalidity theories.<br><br>Because the proposed amendments are based on newly obtained discovery, defendants have acted diligently in seeking discovery and seeking to amend, and plaintiffs will not be prejudiced, good cause exists for defendants to amend their invalidity contentions relating to Wroblewski.<br><br>**[Plaintiffs' Position]** Defendants' "request" is a backdoor attempt to have this Court decide a significant, fact-intensive, and substantive issue (which cannot be resolved without briefing) through the Court's discovery dispute procedure.<br><br>The Court's OGP provides the present procedure is reserved for discovery disputes only. (OGP v. 3.5.1 at 2-3.) At this stage, leave from the Court must be granted for any amendment of the contentions, and only with good cause shown. *See* Fed. R. Civ. P. 16(b)(4); OGP at 9; *see also True Chemical Solutions, LLC v. Performance Chemical Co.,* C.A. No. 7:18-cv-78-ADA, Dkt. 100-101, 211 (W.D. Tex. Nov. 12, 2020). As recently as October 14, 2021, this Court required full briefing to amend contentions. *See Nippon Telegraph and Telephone Corp. et. al. v. MediaTek Inc. et. al.,* 1:20-cv-00632-ADA (Dkt. 72-74, 77) (W.D. Tex. Oct. 14, 2021).<br><br>Whether there is "good cause" to amend and if Defendants have been diligent in amending | |

their contentions is a fact-intensive, appealable issue that requires substantive briefing.  *See S & W Enters., L.L.C. v. Southtrust Bank of Ala*., NA, 315 F.3d 533, 535 (5th Cir. 2003) (addressing appeal of order denying motion to amend contentions and setting forth 4-factor "good cause" test).  This is evidenced by Defendant's attached substantive edits to the contentions, which add seven pages of substantive arguments (much more than "citations"), too many for Plaintiffs to possibly address here.

Furthermore, Defendants have not established "good cause."  Fact discovery opened on 4/19/21. Defendants' final invalidity contentions were served on 6/11/21, but they did not depose Mr. Wroblewski until 10/13/21 (almost *six months* after fact discovery opening and *four months* after the final contentions were served).  That Defendants waited until over a month to seek leave to amend —well after the close of fact discovery on 11/12/21, and just two weeks before opening expert reports are due on 12/6—demonstrates a lack of diligence.

Finally, Defendants' proposed amendment should be rejected because Mr. Wroblewski's testimony established the Wroblewski reference *is not prior art under 102(a) or (g)*.  Mr. Wroblewski testified unequivocally that the Wroblewski reference was not publicly available until June 28, 2002 when it was first published—22 days *after* the June 6, 2002 priority date.  (Ex. 1 at 112:6-9; *etc*.)  This disqualifies the Wroblewski reference as prior art under 35 USC 102(a).

Mr. Wroblewski further testified he did not "invent" the claimed inventions.  (Ex. 1 at 197:6-19.)  And contrary to Defendants' recitation above, Mr. Wroblewski was unable to provide any evidence beyond "handwritten notes" (which are two sentences, not an invention) and

| | |
|---|---|
| uncorroborated, hearsay testimony that the accused functionalities were invented or implemented on his own website prior to June 6, 2002—disqualifying the Wroblewski reference under 102(g)(2).  Mr. Wroblewski was unable to demonstrate where on the Wayback Machine the accused functionalities were publicly available prior to June 6, 2002—in fact, the Wayback Machine confirms the accused functionalities *were not* available.  (*Id.* at 229:10-230:21; Ex. 2 at 1-4.) | |

**Barry K. Shelton | Partner**
Shelton Coburn LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
T: (512) 263-2165 **|** F: (512) 263-2166 **|** M: (512) 517-9998
bshelton@sheltoncoburn.com | www.sheltoncoburn.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.