# EXHIBIT 4



1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

OCTOBER 23, 2021

Travis Jensen
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7458
Facsimile: (512) 263-2166
tjensen@orrick.com

Barry Shelton
Bradley Coburn
311 Ranch Road 620 S, Suite 205
Austin, Texas 78734-4775
Tel: (512) 263-2165
Fax: (512) 263-2166
coburn@sheltoncoburn.com
bshelton@sheltoncoburn.com

**VIA E-MAIL**

Re:  *Caddo Systems, Inc. et al. v. Microchip Technology Incorporated*, C.A. No. 6:20-cv-00245-ADA (W.D. Tex.); *Caddo Systems, Inc. et al. v. NXP USA, Inc.*, C.A. No. 6:20-cv-00244-ADA (W.D. Tex.)

Counsel,

  We write in response to Defendants Microchip Technology, Inc.'s ("Microchip") and NXP USA, Inc.'s ("NXP") (collectively, "Defendants") June 11, 2021 Final Invalidity Contentions ("FICs") in the above-captioned matters.  Specifically, we demand that the prior art reference by L. Wroblewski entitled "Site-Seeing: A Visual Approach to Web Usability," charted in Defendants' FICs as Chart A-4 ("the Wroblewski Reference") be withdrawn immediately.

  Defendants' FICs contend that the Wroblewski reference is an invalidating prior art reference under 35 U.S.C. § 102(a) and an invalidating prior invention under 35 U.S.C. § 102 (g)(2).  *See* FICs at 11-12.  But in light of both the testimony by Mr. Luke Wroblewski on October 13, 2021 ("the Wroblewski Deposition") and the documents produced by Mr. Wroblewski, there is no factual or legal basis for your invalidity position.

  First, Mr. Wroblewski testified unequivocally and produced documents demonstrating that the date of publication of the Wroblewski Reference was June 28, 2002.  *See, e.g.,* LW_0002.  As the priority date of the Asserted Patents is June 6, 2002, the Wroblewski Reference does not qualify as prior art under 35 U.S.C. § 102(a).

DEVLIN LAW FIRM
October 23, 2021
Page 2 of 2

      The Wroblewski Reference also does not qualify as a prior invention under 35 U.S.C. § 102(g)(2). As you are aware, Mr. Wroblewski testified that he did not invent the Accused Instrumentalities. Indeed, he went so far as to say that he did not invent anything in the Wroblewski Reference, including the images on page 59 in Chapter 2 of the Wroblewski Reference that are erroneously relied upon by Defendants in their FICs, because he believes that the breadcrumb functionality was not patent-worthy.

      Additionally, Mr. Wroblewski and Defendants have produced no documents evincing that any purported invention, including the images in Chapter 2 of the Wroblewski Reference, was invented, created, or publicly available prior to the effective filing date. When asked to demonstrate on the WayBack Machine during his deposition as to where on Mr. Wroblewski's publicly available website, [www.LukeW.com](www.LukeW.com), the images in Chapter 2 of the Wroblewski Reference were implemented and displayed, Mr. Wroblewski could not point to any portion of his publicly available website; instead, he visited a 2003 version of his website, which is after the critical date, to demonstrate one portion of the alleged breadcrumb functionality.

      Similarly, Mr. Wroblewski's document production to the parties, both before and after the Wroblewski Deposition, contains no supporting documents demonstrating that the alleged breadcrumb functionality was available prior to June 6, 2002.

      For all of these reasons, Caddo requests that the Wroblewski Reference be withdrawn from their FICs no later than October 29, 2021, or Caddo will move to strike Defendants' final invalidity contentions. We are also available to meet and confer on October 26, 2021 as required under Local Rule CV-7.

      Sincerely,

      */s/ Alex Chan*
      Alex Chan