# EXHIBIT 5

| | |
|---|---|
| **From:** | Jensen, Travis |
| **Sent:** | Saturday, October 23, 2021 12:05 PM |
| **To:** | Veronica McCarty; Frost, Claudia; Mao, Lillian J.; coburn; bshelton |
| **Cc:** | Alex Chan; Vikhyat Kaushal; Timothy Devlin |
| **Subject:** | RE: Caddo v. Microchip/NXP - Wroblewski Reference Letter |

Veronica,

Microchip will not withdraw its Wroblewksi-related invalidity contentions.  Mr. Wroblewski's testimony *confirmed* that his work related to the Site Seeing book qualified as prior art under both 102(a) and 102(g)(2).  Specifically, Mr. Wroblewski testified that he wrote the Site-Seeing book (MCHP-CADDO_0010195), including the manuscript for it which does pre-date June 6, 2002 (LW_0013 with metadata dated April 4, 2002), and even provided his notes at the deposition where he first documented the drop-down breadcrumb feature (LW_0856 at 881).  Your statement that "Mr. Wroblewski's document production to the parties, both before and after the Wroblewski Deposition, contains no supporting documents demonstrating that the alleged breadcrumb functionality was available prior to June 6, 2002" is simply not true.  For example, Mr. Wroblewki testified that his publicly available website (which predated June 6, 2002) implemented the drop-down breadcrumb functionality described in his book and explained why that was the case (viz., because he took various screenshots on multiple different browsers to show how the website rendered).  It makes no difference whether a particular snapshot on the Internet Archive happened to show the feature or not.  Moreover, the Site Seeing book itself is evidence of simultaneous invention, motivation to combine, the level of ordinary skill in the art, and secondary considerations for obviousness.  *See, e.g., Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC* 618 F.3d 1294, 1305-1306 (Fed. Cir. 2010) (citations omitted) ("Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill."); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 766 (Fed. Cir. 1988) (stating that a document which "was not technically 'prior art'" was admissible to show that a person of ordinary skill in the art suggested solutions to the problem similar to that claimed in the patent.); *NPF Ltd. v. Smart Parts, Inc.*, Case No. 05-1273 (Fed. Cir. 2006); *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000).  Additionally, Caddo's own interrogatory responses list priority dates *after* June 6, 2002 for five of the six asserted patents.  *See* Caddo Supp. Response to Interrogatory No. 1 (10/3/2021).  And four of the six asserted patents issued from CIP applications which added new matter *after* June 6, 2002.

Your statement that "Mr. Wroblewski testified that he did not invent the Accused Instrumentalities" is beside the point.  Microchip has never stated that Mr. Wroblewski had anything to do with the "Accused Instrumentalities" (i.e., the www.microchip.com website).  Your assertion (without any citation to actual testimony) that "[Mr. Wroblewski said] he did not invent anything in the Wroblewski Reference" is a non-sequitur.  Mr. Wroblewski unequivocally testified that he wrote the entire book as the sole author.  The fact that he said the combination of a drop-down menu with breadcrumbs was not an inventive concept and merely a natural combination that any beginner web-designer could do in early 2002 is further evidence of invalidity, not the other way around.  For at least these reasons, Microchip will not withdraw its invalidity contentions.  In view of Mr. Wroblewski's testimony and additional document productions, Microchip intends to seek leave of Court to supplement its invalidity contentions related to Wroblewski.  Please let us know if you oppose.  Thanks, Travis

**From:** Veronica McCarty <vmccarty@devlinlawfirm.com>
**Sent:** Saturday, October 23, 2021 9:59 AM
**To:** Jensen, Travis <tjensen@orrick.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; bshelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin

<tdevlin@devlinlawfirm.com>
**Subject:** Caddo v. Microchip/NXP - Wroblewski Reference Letter

Counsel,

Please see the attached letter.

Best,



The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.