'

# EXHIBIT 6

| | |
|---|---|
| **From:** | Jensen, Travis |
| **Sent:** | Wednesday, November 17, 2021 11:44 AM |
| **To:** | Alex Chan |
| **Cc:** | Vikhyat Kaushal; Timothy Devlin; Microchip-Caddo_OHS; coburn; Veronica McCarty; Frost, Claudia; Mao, Lillian J.; bshelton |
| **Subject:** | RE: Caddo v. Microchip/NXP - Wroblewski Reference Letter |
| **Attachments:** | A-4 Supplemental Wroblewski Chart [redline].docx |

Alex,

Below is Microchip and NXP's portion of the joint statement regarding supplementation of the Wroblewski invalidity contentions.  Please provide Caddo's position so we can submit to the Court.  Thanks, Travis

###

Dear Jun,

The parties in the above-captioned matters met and conferred on October 29, 2021 to discuss supplementing Defendants' invalidity contentions related to work done by Luke Wroblewski but were unable to reach a resolution.  The parties are now requesting the Court's assistance to resolve this dispute.  The parties are available for a Zoom/telephonic hearing if the Court desires.  As required by the Court's Order Governing Proceedings, the parties provide the following chart delineating the precise issues and specific relief requested by both parties.

| Issue | Relief |
|---|---|
| Supplementing Defendants' invalidity contentions with work done by Luke Wroblewski (a third-party fact witness)<br><br>**[Defendants' Position]** Microchip and NXP identified and charted the work of Luke Wroblewski (a third-party prior artist), including his "Site-Seeing" book, as prior art in both their initial and final invalidity contentions.<br><br>Good cause exists for defendants to supplement their invalidity contentions because the amendments are based on information not reasonably available when serving final contentions on June 11, 2021.  After serving their final invalidity contentions, defendants diligently sought discovery and took Mr. Wroblewski's | **Defendants' Request:** The Court should grant leave for defendants to supplement their invalidity contentions as shown in the attached document, which adds citations to newly obtained evidence regarding the Wroblewski prior art reference.<br><br>**Plaintiffs' Request:** […] |

deposition for a full day on October 13, 2021.

In preparation for, and at his deposition (which was taken remotely at his home where he maintains his files), Mr. Wroblewski identified additional prior art documents such as hand written notes evidencing when he conceived and reduced to practice the claimed invention.

On October 23, 2021, plaintiffs demanded that defendants withdraw their contentions for Wroblewski. On October 29, 2021, defendants notified plaintiffs of their intent to amend the contentions based on the information Mr. Wroblewski provided. Having now received Mr. Wroblewski's transcript and document productions, Defendants have diligently analyzed those materials and prepared the amended contentions attached hereto.

Defendants maintain that the final invalidity contentions sufficiently disclose their theories relating to Wroblewski, but because Caddo has challenged them, in an abundance of caution Microchip and NXP seek leave to supplement their contentions.

Mr. Wroblewski's work is highly relevant to this case because, in the course of writing his "Site-Seeing" book, he conceived and implemented precisely the "drop down breadcrumb" navigation feature that is claimed in the asserted patents. Mr. Wroblewski completed work on the relevant sections of his book no later than April 2002 (as shown by the manuscripts he produced), provided handwritten notes dated Dec. 16, 2001 disclosing a drop-down breadcrumb, and testified that he implement the invention on his website, all before the asserted patents' earliest filing date. In addition to qualifying as prior art under section 102(g)(2), Mr. Wroblewski's work is evidence of simultaneous invention (which tends to show obviousness), the level of ordinary skill

| | |
|---|---|
| in the art, and also provides evidence of motivation to combine.<br><br>Plaintiffs will not be prejudiced by the supplement.  Plaintiffs have long been on notice that defendants' believe Mr. Wroblewski's work invalidates the asserted claims, including over 100 pages of claim charts in the final invalidity contentions.  In addition, the parties have yet to exchange expert reports or take expert depositions, through which plaintiffs will have a full opportunity to respond to and test defendants' invalidity theories.<br><br>Because the proposed amendments are based on newly obtained discovery, defendants have acted diligently in seeking discovery and seeking to amend, and plaintiffs will not be prejudiced, good cause exists for defendants to amend their invalidity contentions relating to Wroblewski.<br><br>**[Plaintiffs' Position]** | |

**From:** Alex Chan <achan@devlinlawfirm.com>
**Sent:** Friday, October 29, 2021 9:18 AM
**To:** coburn <coburn@sheltoncoburn.com>; Jensen, Travis <tjensen@orrick.com>; Veronica McCarty <vmccarty@devlinlawfirm.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; bshelton <bshelton@sheltoncoburn.com>
**Cc:** Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Re: Caddo v. Microchip/NXP - Wroblewski Reference Letter

Travis, Bradley,

We will oppose.  Also, please confirm that the parties are at an impasse so that we can also cross move to strike Defendants' final invalidity contentions.

Thanks much,
Alex

**From:** Bradley Coburn <coburn@sheltoncoburn.com>
**Date:** Friday, October 29, 2021 at 10:07 AM
**To:** "Jensen, Travis" <tjensen@orrick.com>, Veronica McCarty <vmccarty@devlinlawfirm.com>, "Frost, Claudia " <cfrost@orrick.com>, "Mao, Lillian J." <lmao@orrick.com>, bshelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>, Vikhyat Kaushal <vkaushal@devlinlawfirm.com>, Timothy Devlin

<tdevlin@devlinlawfirm.com>
**Subject:** RE: Caddo v. Microchip/NXP – Wroblewski Reference Letter

Veronica,

NXP joins Microchip's positions regarding the Wroblewski reference.  Please let us know, too, whether Caddo opposes supplementation.

Best,
Bradley

**Bradley D. Coburn**
**Shelton Coburn LLP**
**Austin | Nashville**
T: (512) 589-9154 **|** F: (512) 263-2166
coburn@sheltoncoburn.com **|** www.sheltoncoburn.com

---

**From:** Jensen, Travis <tjensen@orrick.com>
**Sent:** Friday, October 29, 2021 10:05 AM
**To:** Veronica McCarty <vmccarty@devlinlawfirm.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; Bradley Coburn <coburn@sheltoncoburn.com>; Barry Shelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Caddo v. Microchip/NXP – Wroblewski Reference Letter

Veronica,

We only recently received Mr. Wroblewski's deposition transcript earlier this week and will need a chance to review it.  However, I anticipate we will be amending our contentions as to all asserted claims in all asserted patents.  Mr. Wroblewski testified extensively for the better part of a full day and touched on aspects that would implicate practically all of the claim elements as well as motivation to combine a drop down menu with breadcrumb and the level of skill required to do so, not to mention simultaneous invention as evidence of obviousness.  I expect that many of the amendments would focus on the materials Mr. Wroblewksi created in preparing the manuscript for his book (both his handwritten notes and layout files), including the work performed on his website in relation to writing his book.  We reserve the right to supplement with any materials identified by Mr. Wroblewski during his deposition, including his post-deposition production.  My prior email already identified exemplary material we intend to add (e.g., LW_0856 at 881).  Providing a comprehensive list will require us to prepare the actual invalidity contentions themselves.  We have provided sufficient information for Caddo to determine whether it opposes supplemental or not.  Please let us know.  Thanks, Travis

---

**From:** Veronica McCarty <vmccarty@devlinlawfirm.com>
**Sent:** Friday, October 29, 2021 8:51 AM
**To:** Jensen, Travis <tjensen@orrick.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; bshelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Caddo v. Microchip/NXP – Wroblewski Reference Letter

Travis,

I am following up on the questions below.

Best,



The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Veronica McCarty
**Sent:** Monday, October 25, 2021 4:21 PM
**To:** Jensen, Travis <tjensen@orrick.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; bshelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** RE: Caddo v. Microchip/NXP - Wroblewski Reference Letter

Travis,

Caddo disagrees with Microchip's analysis below.  However, before Caddo responds to whether it opposes Microchip's proposed motion to supplement its invalidity contentions, we will need more information so our clients can properly consider your request.  For example, which patent(s) and which claim limitation(s) will Microchip be supplementing?  Also, which aspect of the Wroblewski reference is Microchip proposing that it will be supplemented?  Additionally, what materials will be added to the proposed supplemental contentions?

Once we have this information, we will respond regarding our position.

Thanks much,



The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Jensen, Travis <tjensen@orrick.com>
**Sent:** Saturday, October 23, 2021 3:05 PM
**To:** Veronica McCarty <vmccarty@devlinlawfirm.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; bshelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin

<tdevlin@devlinlawfirm.com>
**Subject:** RE: Caddo v. Microchip/NXP - Wroblewski Reference Letter

Veronica,

Microchip will not withdraw its Wroblewksi-related invalidity contentions.  Mr. Wroblewski's testimony *confirmed* that his work related to the Site Seeing book qualified as prior art under both 102(a) and 102(g)(2).  Specifically, Mr. Wroblewski testified that he wrote the Site-Seeing book (MCHP-CADDO_0010195), including the manuscript for it which does pre-date June 6, 2002 (LW_0013 with metadata dated April 4, 2002), and even provided his notes at the deposition where he first documented the drop-down breadcrumb feature (LW_0856 at 881).  Your statement that "Mr. Wroblewski's document production to the parties, both before and after the Wroblewski Deposition, contains no supporting documents demonstrating that the alleged breadcrumb functionality was available prior to June 6, 2002" is simply not true.  For example, Mr. Wroblewski testified that his publicly available website (which predated June 6, 2002) implemented the drop-down breadcrumb functionality described in his book and explained why that was the case (viz., because he took various screenshots on multiple different browsers to show how the website rendered).  It makes no difference whether a particular snapshot on the Internet Archive happened to show the feature or not.  Moreover, the Site Seeing book itself is evidence of simultaneous invention, motivation to combine, the level of ordinary skill in the art, and secondary considerations for obviousness.  *See, e.g., Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC* 618 F.3d 1294, 1305-1306 (Fed. Cir. 2010) (citations omitted) ("Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill."); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 766 (Fed. Cir. 1988) (stating that a document which "was not technically 'prior art'" was admissible to show that a person of ordinary skill in the art suggested solutions to the problem similar to that claimed in the patent.); *NPF Ltd. v. Smart Parts, Inc.*, Case No. 05-1273 (Fed. Cir. 2006); *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000).  Additionally, Caddo's own interrogatory responses list priority dates *after* June 6, 2002 for five of the six asserted patents.  *See* Caddo Supp. Response to Interrogatory No. 1 (10/3/2021).  And four of the six asserted patents issued from CIP applications which added new matter *after* June 6, 2002.

Your statement that "Mr. Wroblewski testified that he did not invent the Accused Instrumentalities" is beside the point.  Microchip has never stated that Mr. Wroblewski had anything to do with the "Accused Instrumentalities" (i.e., the www.microchip.com website).  Your assertion (without any citation to actual testimony) that "[Mr. Wroblewski said] he did not invent anything in the Wroblewski Reference" is a non-sequitur.  Mr. Wroblewski unequivocally testified that he wrote the entire book as the sole author.  The fact that he said the combination of a drop-down menu with breadcrumbs was not an inventive concept and merely a natural combination that any beginner web-designer could do in early 2002 is further evidence of invalidity, not the other way around.  For at least these reasons, Microchip will not withdraw its invalidity contentions.  In view of Mr. Wroblewski's testimony and additional document productions, Microchip intends to seek leave of Court to supplement its invalidity contentions related to Wroblewski.  Please let us know if you oppose.  Thanks, Travis

**From:** Veronica McCarty <vmccarty@devlinlawfirm.com>
**Sent:** Saturday, October 23, 2021 9:59 AM
**To:** Jensen, Travis <tjensen@orrick.com>; Frost, Claudia <cfrost@orrick.com>; Mao, Lillian J. <lmao@orrick.com>; coburn <coburn@sheltoncoburn.com>; bshelton <bshelton@sheltoncoburn.com>
**Cc:** Alex Chan <achan@devlinlawfirm.com>; Vikhyat Kaushal <vkaushal@devlinlawfirm.com>; Timothy Devlin <tdevlin@devlinlawfirm.com>
**Subject:** Caddo v. Microchip/NXP - Wroblewski Reference Letter

Counsel,

Please see the attached letter.

Best,



Veronica McCarty
1526 Gilpin Ave, Wilmington, DE 19806
(302) 355-3550 | D(207) 242-1666
Admitted in PA and DE

The information contained in this communication is confidential and is intended only for the use of the intended addressee.  It is the property of Devlin Law Firm LLC, and may contain information subject to attorney-client privilege and/or may constitute inside information.  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to correspondence@devlinlawfirm.com, and destroy this communication and all copies thereof, including all attachments.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

### Case No. 6:20-cv-244-ADA (W.D. Tex.)
### Case No. 6:20-cv-245-ADA (W.D. Tex.)

## Invalidity of U.S. Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127
## by
## Wroblewski

**REFERENCE:**  "Site-Seeing: A Visual Approach to Web Usability," by Luke Wroblewski ("Wroblewski" or "Site Seeing") was published by Hungry Minds in ~~April~~ no later than June 2002.  Wroblewski is prior art to the '411, '301, '517, '836, '880, and '127 patents under at least 35 U.S.C. § 102(a) and § 102(g)(2).  Depending on the priority date of each Asserted Patent, Site Seeing may also qualify as prior art under 102(b).  All emphasis added unless otherwise indicated.[1]

Mr. Luke Wroblewski, the author of Site Seeing, was deposed on October 13, 2021.  His deposition testimony confirmed that his work related to the Site Seeing book qualified as prior art under both 102(a) and 102(g)(2).  Mr. Wroblewski's deposition also uncovered additional materials (which were subsequently produced) that Mr. Wroblewksi created in preparing the manuscript for his book (both his handwritten notes and layout files), including the work performed on his website in relation to writing his book.  Exemplary documents include, *e.g.*, LW_0856 at 881 (handwritten notes showing conception).  Mr. Wroblewski testified that he wrote the Site-Seeing book (MCHP-CADDO_0010195), including the manuscript for it which pre-dates June 6, 2002 (LW_0013 with metadata dated April 4, 2002), and even provided his notes at the deposition where he first documented the drop-down breadcrumb feature (LW_0856 at 881).  Mr. Wroblewki testified that his publicly available website (which predated June 6, 2002) implemented the drop-down breadcrumb functionality described in his book and explained why that was the case (viz., because he took various screenshots on multiple different browsers to show how the website rendered).  The Site Seeing book is also evidence of simultaneous invention,

---

[1] To the extent that these Invalidity Contentions rely on or otherwise embody particular constructions of terms or phrases in the Asserted Claims, Defendant is not proposing any such constructions as proper constructions of those terms or phrases.  Various positions put forth in this document are predicated on Plaintiff's incorrect and overly broad interpretation of its claims as evidenced by its Preliminary Infringement Contentions, dated September 17, 2020.  Those positions are not intended to and do not necessarily reflect Defendant's interpretation of the true and proper scope of Plaintiff's claims, and Defendant reserves the right to adopt claim construction positions that differ from or even conflict with various positions put forth in this document.

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

motivation to combine, the level of ordinary skill in the art, and secondary considerations for obviousness.  *See*, *e.g.*, *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC* 618 F.3d 1294, 1305-1306 (Fed. Cir. 2010) (citations omitted) ("Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill."); *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 766 (Fed. Cir. 1988) (stating that a document which "was not technically 'prior art'" was admissible to show that a person of ordinary skill in the art suggested solutions to the problem similar to that claimed in the patent.); NPF Ltd. v. Smart Parts, Inc., Case No. 05-1273 (Fed. Cir. 2006); *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1379 (Fed. Cir. 2000).

Mr. Wroblewski conceived of the idea claimed in the asserted patents by late 2001, as reflected for example, in the notes for his Site-Seeing book. *E.g.*, LW_0856 at LW_0881 (referring to "Cascading menu, dynamic menu (LukeW), BREADCRUMBS (NCSA)" and "DYNAMIC BREADCRUMBS ~ GENERIC (LukeW.com)"); Wroblewski Tr. at 83.  Mr. Wroblewski reduced the idea to practice by April 2002, when he implemented the "drop-down breadcrumb" menu on his website, www.lukew.com, in order to take screenshots for inclusion in his book.  *E.g.*, Wroblewski Tr. at 153-154, 194-195, 214; LW_0184; LW_0190.

Starting in the late 1990's, the field of web design and web usability was in "an exploratory phase and people are trying to determine what the actual best practices, standards, … expectations are."  Wroblewski Tr. at 35; *see also, e.g.*, *id.* at 85-86.  By early 2002 (and long before), cascading menus and dynamic user-controlled menus were both in widespread use on the web.  *Id.* at 60-61, 68-79.  Breadcrumb navigation was also known by early 2002 and becoming increasingly common.  *Id.* at 65-66.  One of ordinary skill in the art would have been aware of these different navigation design options and have considered them and their advantages and disadvantages in designing navigation.  *Id.* at 71-72, 81-83.

Indeed, Mr. Wroblewski testified that he simply "merg[ed]" two concepts (breadcrumbs and drop-down menus) that were already "out there" to come up with the claimed invention.  Wroblewski Tr. at 83-84.  In addition, the combination would not have required significant experimentation to implement and would yield predictable results, as it involved no more than the use of basic, common HTML elements.  *See*, *e.g.*, *id.* at 102-13, 198-200 ("It's, literally, three HTML tags … So from a skills required to build that out in code is very much a noncomplicated category.").  Mr. Wroblewski's work is evidence of simultaneous invention, which tends to show the obviousness of the asserted claims.  *See*, *e.g.*, *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1305-1306 (Fed. Cir. 2010) (citations omitted) ("Independently made, simultaneous inventions, made within a comparatively short space of time, are persuasive evidence that the claimed apparatus was the product only of ordinary mechanical or engineering skill.").  What follows immediately below is a summary of information testified about by Mr. Wroblewski.

Luke Wroblewski is the sole author of "Site-Seeing: A Visual Approach to Web Usability" which was published in June 2002, the same month the parent application of the Asserted Patents was filed. *See* MCHP-CADDO_0010195. Mr. Wroblewski was a leader in web-design and development in

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

the early 2000s. Mr. Wroblewski was engaged in November of 2001 to author a book on website design, which culminated in the publication of Site Seeing the following year. Wroblewski Tr. at 16-17 ("I got the final addendum to the publishing agreement on December 10, 2001. Conversations about the book, which included some back-and-forth of sharing outlines and rough notes of what would be in the book started probably about two months prior to that because we had a preliminary agreement dated November 27, 2001."); *see also* LW_0890 (Contact Addendum #1, dated December 2001 referencing "Publishing Agreement dated November 27, 2001").

Mr. Wroblewski worked quickly and diligently to prepare an outline for his book, much of which took the form of handwritten notes. *See* Wroblewski Tr. at 16-17, 36-37 ("You know, as part of this digging up of files, I actually uncovered the original notes that I had around the whole book (demonstrating). And you can see here, I would kind of start with generalized outlines. So the original proposal required us to have a general outline."); LW_0856 (handwritten notes).

Mr. Wroblewski testified that he had the idea for the combination of a dynamic breadcrumb trial and a dropdown menu as he was preparing his book and showed the handwritten notes where we first made note of it.



LW_0856 at LW_0881. The relevant text states: "   cascading menu, dynamic menu (LukeW), BREADCRUMBS (NCSA) ¶     Dynamic BREADCRUMB ~ Generic (Lukew.com)." The reference to NCSA is the National Center for Supercomputing Applications which was a well-known

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

leader in web design techniques and development where Mr. Wroblewksi used to work. Wroblewski Tr. at 21. And "LukeW.com" was Mr. Wroblewski's website. The preceding page in the handwritten notes is dated December 16, 2001. LW_0856 at LW_0880; Wroblewski Tr. at 89.

With respect to timing, Mr. Wroblewski testified as follows:

Q. When did you first come up with this idea of combining the breadcrumb with the drop-down?

A. You know, it's a good question. And I was flipping through my notes to the book, and I actually found, back in the chapter outline here -- (demonstrating) -- when I was doing the outline for the book prior to publishing it, there is a little bullet here. It says, "Dynamic breadcrumb: generic/lukew.com," and then above it, "Cascading Menu," "Dynamic Menu," "Breadcrumb," "NCSA." So during the time of outlining the book and thinking through what content would be in it, I had called it a "Dynamic breadcrumb" and written it down as -- as a kind of example that I would like to include in the book. So that would have been in the early phases of putting together the outline of the book prior to actually writing the chapter.

Wroblewski Tr. at 83.  No later than February 8, 2002, Mr. Wroblewski had completed the manuscript for the chapter of his Site-Seeing book that ultimately contained the breadcrumb-dropdown concept. Wroblewski Tr. at 46-49; see also LW_0013 (excerpted below).



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



samples use the drop-down method. (If users are interested in one Web design example, it is likely they might want to see more. This navigation features allows them to see the other available samples.) However, the technique could easily be expanded to the entire breadcrumb path (below) to provide a sense of context and scale (where am I, within how much?).

When opened, the drop-down menu provides you with a sense of context: where you are and where you can go.

This version of Mr. Wroblewski's manuscript looks visually different than the print version because it had not yet been formatted. Wroblewski Tr. at 32-33 ("These are the Word files for the book as opposed to the Quark files which have the final layout. 'Quark' meaning QuarkXPress, the designer layout program used back then to do graphic design."); 49-50 ("Q. Is it fair to say you would consider February 2002 the time that you finished writing the chapter? A. Yes.  I will -- actually, let me take a step back. It was probably before then. I would consider February 8, 2002 at the time I developed

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

the final document version of it and sent it over for the publisher and for graphic design work. It may have been completed a few days before then and it sat there until I actually packaged it up and sent it over."). The "print" layout is at LW_0025 at 38 (see also LW_0110 for the Quark version) which was completed no later than April 16, 2002 according to the meta data (Wroblewski Ex. 1 at row 26).

The graphics shown in the manuscript were screenshots of Mr. Wroblewski's website (www.lukew.com) where he had already implemented the concept. *See, e.g.*, Wroblewski Tr. at 214 ("So I would have gone into one of those pages, modified the HTML to implement that set of drop-downs and taken the screenshots. And those screenshots that are in the folder of it how it looks like on different browsers -- right? -- I would have had that as a web page. The best way I would be able to get those screenshots from the different platforms, from the PC and the Mac in the different browsers, is by actually having it live on a server so I can go in to change over to PC, take the screenshot; change over to Mac, take the screenshot.").

Mr. Wroblewski's files provided in this case contained additional screenshots that were not included in his book but which existed on his publicly available website in early 2002: "Q. And this example on page 59, you said this is the only example of dynamic breadcrumbs in your book, right? A. That was published, yes. In the Images folder that I provided, there was a number of, like, different renderings of what the drop-down menus can be rendered as based off of what, like, different browsers supported." Wroblewksi Tr. at 153-154; see also 194-195. For example, Mr. Wroblewski's files contained screenshots of his website as rendered by different web browsers at the time, such as "Internet Explorer 5" (ie5) and "Netscape Navigator 4" (nn4) as shown below.



LW_0184 (lukew_ie5_mac.bmp).

LW_0190 (lukew_nn4_mac.bmp).

The metadata for these files indicate that dropdown breadcrumb was available on www.lukew.com no later than April 23, 2002. Wroblewski Tr., Ex. 1 at rows 184 and 191.

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

Mr. Wroblewksi authored and maintained a publicly available website at the URL: www.lukew.com. *See, e.g.*, Wroblewski Tr. at 209 ("Q. While we're waiting for that, what was the URL of your website? A. lukew.com. Q. Has that been your website throughout time? A. For very, very long time, yes."); 194-195 ("Q. But how the image for the book was created was through -- was through photo -- was through Photoshop? A. I would say it's a combination of Photoshop and screenshots of HTML code. There was no -- like, all these elements were not created from scratch. They were a screenshot of, like I said, an existing web page design where I started to introduce some additional HTML elements, and then took a screenshot of that and then brought it into Photoshop to clean it up, remove some of the elements, and style it a bit differently. Q. Which website were you -- were you implementing this on? A.  lukew.com, my personal website. Q. And did you keep it as it's shown on page -- as it's shown on page 59 of Exhibit P1, did you keep it that way after you got your screenshot? A. There is a period of time that I kept it as the image of both, I believe."); 230-234 ("Q. What would be a better reflection of how your website looked and operated early 2002, either the partial character of the Wayback Machine or the screenshots that you personally took of your own website in early 2002? A. Oh, I think the screenshots would be more accurate because they wouldn't have, you know, all these missing images and missing content that the Wayback Machine has here. As you can see, like, in this case, it's not rendering the navigation or the images, but it is rendering the breadcrumb with the drop-down.").

The Site-Seeing book published in June of 2002. Wroblewski Tr. at 52 ("Q. Do you recall when the 'Site-Seeing' book was first published? A. Yes. I believe it was June 2002."); 53 ("It just has two files inside the printed edition. But off their record, I seem to remember a date of June 28, 2002 as, like, a publication date."). The preface indicates that it was completed in April 2002. See MCHP-CADDO_0010195 at 209. A scanned image of page 58 of the Site-Seeing book, titled "Drop Down the Breadcrumbs" is shown below. MCHP-CADDO_0010195 at 273.

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

The text accompanying this section explains that:

Though breadcrumbs are useful for showing you your position within a Web space, they provide little understanding of the scope of the entire site and offer no navigation choices beyond backtracking and returning home. Steve Krug, author of Don't Make Me Think: A Common Sense Approach to Web Usability (2000, New Riders), compares breadcrumbs to written directions: "The directions can be useful, but you can learn more from [a] map." In the example above, breadcrumbs are combined with drop-down menus to not only provide users with an understanding of their current position, but also an awareness of all the possible paths they didn't take. In the current site implementation, only the portfolio samples use the drop-down method. (If users are interested in one Web design example, it is likely they might want to see more. This navigation features allows them to see the other available samples.) However, the technique could easily be expanded to the entire breadcrumb path (below) to provide a sense of context and scale (where am I, within how much?).

*Id.*

All of the aforementioned work by Mr. Wroblewski was done in the United States. See, e.g., Wroblewsi Tr. at 20-22 (writing the book while living in Illinois), 58 ("Q. And just to confirm, was the book published and publicly distributed in the United States? A. It was -- yes, in the United States."), 102, 212 ("Q. But you did have -- your website was publicly available in early 2002, right? A. Yes. Q. And so the ultimate end goal of that process was to make the information in your book available to the public, correct? A.  t was to make it available, yes, publicly, correct.").

In summary, Mr. Wroblewksi came up with the same drop-down breadcrumb concept in the Asserted Patents. And he did so well before the June 6, 2002 filing date of the earliest patent application as is well document by his hand-written notes, screenshots of his public website (www.lukew.com), draft manuscripts for his book, and the publication of the Site-Seeing book itself. The similarity of the Mr. Wroblewski's disclosure (on the top) and that of the Asserted Patents (on the bottom) is readily apparent and striking, as illustrated in the comparison below. Wroblewski, Exs. 6 and 7 (and accompanying testimony).

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



As Mr. Wroblewski repeatedly (and correctly) testified, combing breadcrumbs with a drop-down menu was not a patentable invention—it was merely an obvious and natural combination that was trivial to implement. See, .e.g. Wroblewski Tr. at 80 ("Q. Did you consider this to be an invention? A. No, I did not."), 102-103 ("Those are pretty standard HTML controls, and the combination of those two things does not seem to me to be something that is patent[able]… But I very much viewed it as a combination of pretty accepted conventions already and then, therefore, not a new convention in and of itself, if that makes sense."), 168 ("I view that as just the combination of two standard elements into kind of, you know, a little bit of an augmentation, if you will. … I said the things I published in my book, I do not view as innovative or, you know, when I put it together, it never occurred to me to try and patent it."), 198-199 ("The average web developer would be able to use those common HTML elements and code what I coded. It's, literally, three HTML tags: an unordered list, and a linked tag, and a select tag. So the entire code there, absent the content, could be represented in, like, two lines of code. Q. Do you think -- what you've created on page 59, do you think that's, that's average? A. It's basic HTML code.·Right? Like, if you learn to code HTML, the first thing you will learn to code is a paragraph; the second thing you will learn to code is a link; and then, like, the third or fourth thing is going to be an unordered list, and a select menu. So from a skills required to build that out in code is very much a noncomplicated category."), 200 ("I'm saying it's not innovative.  … But I didn't think of it as particularly innovative, which is a different question again.").

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

'411 Claim 1-I

| '411 Patent Claim 1 | Disclosure |
|---|---|
| 1. A method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, said method comprising the steps of: | To the extent the preamble is limiting, Wroblewski, as evidenced by the example citations below, discloses a method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, as this language appears to be interpreted by Caddo.<br><br>*See e.g.:*<br><br>• "Another popular solution is to use 'space-saving' navigation elements to strike an adequate navigation elements to strike an adequate navigation/content balance.  Cascading menus, dynamic user-controlled menus, drop-down menus, and breadcrumbs are just a few 'space-saving' elements common today.  (See sidebar to right)  Each of these solutions has its share of benefits and drawbacks, which you need to be aware of before committing your site to one."  Wroblewski at 55.<br><br>• Wroblewski at 56: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | 
• Wroblewski at 54: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | <br>• Wroblewski at 63: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | <br><br>*See also* LW_0003; LW_0013. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| [a] providing a graphical user menu system displaying the items of a given level and enabling selection thereof, wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy; | Wroblewski, as evidenced by the example citations below, discloses providing a graphical user menu system displaying the items of a given level and enabling selection thereof, wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.:*<br><br>• "Another popular solution is to use 'space-saving' navigation elements to strike an adequate navigation elements to strike an adequate navigation/content balance.  Cascading menus, dynamic user-controlled menus, drop-down menus, and breadcrumbs are just a few 'space-saving' elements common today.  (See sidebar to right)  Each of these solutions has its share of benefits and drawbacks, which you need to be aware of before committing your site to one."  Wroblewski at 55.<br><br>• Wroblewski at 56: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| |  <br><br> • Wroblewski at 54: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | <br><br>• Wroblewski at 63: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | <br>*See also* LW_0003; LW_0013. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| [b] automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system, with one said active link corresponding to each of the items selected, each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system; and | The Court construed "Active Path" as "a sequence of links dynamically created as a menu system is navigated."  See Claim Construction Order dated April 24, 2021, pg. 2.  Hereinafter in this document, "Active Path" refers both to the Court's construction and to Caddo's interpretation of that term.  Wroblewski, as evidenced by the example citations below, discloses automatically constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system without the need for any additional interaction with the graphical user system, with one said active link corresponding to each of the items selected, each said active link being independently selectable thereby providing direct access to the hierarchical level from which the corresponding item was selected without the need to navigate using said graphical user menu system, as this claim limitation (including the Court's construction) appears to be interpreted by Caddo. <br><br> *See e.g.*: <br><br> • Wroblewski at 56: <br><br>  <br><br> •   Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
|  |  |
|  | • Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | <br><br>•   LW_0184:<br><br>•   LW_0190: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013. |
| [c] displaying the Active Path as an alternative to the graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed; | Wroblewski, as evidenced by the example citations below, discloses displaying the Active Path as an alternative to the graphical user menu system for navigating the multi-level hierarchical collapsing menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed after the multi-level hierarchical collapsing menu structure has collapsed, as this claim limitation appears to be interpreted by Caddo. <br><br> *See e.g.*: <br><br> • Wroblewski at 56: <br><br> • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
|  | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| | <br><br>*See also* LW_0003; LW_0013. |
| [d] wherein pre-selecting a given active link triggers the display of sibling menu items on the level associated with said given active link without disturbing the displayed Active Path. | Wroblewski, as evidenced by the example citations below, discloses that pre-selecting a given active link triggers the display of sibling menu items on the level associated with said given active link without disturbing the displayed Active Path, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>&bull;  Wroblewski at 56:<br><br>&bull;   Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 1 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013; Wroblewski Tr. at 74-75.<br><br>At a minimum, it would have been obvious to a POSITA to include that pre-selecting a given active link triggers the display of sibling menu items.  *See* Exhibits B-1 (displaying sibling items) and B-2 (pre-selecting and rolling over).  *See also* Wroblewski Tr. at 61-62, |

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

| '411 Patent Claim 1 | Disclosure |
|---|---|
|  | 75 ("Q. And kind of going back to what you mentioned earlier.  Was it a design choice whether to -- whether, for these drop-down menus, to expand by clicking or hovering?  A. Yeah. You can implement it one way or the other. Again, coming back to some of the arguments people had about, "Well, you should require the user to click so you're not popping things up by default," or, "Hey, we should actually be exposing these things to people and not requiring them to click so they know what's possible." That's kind of the usability back-and-forth conversation on which choice to make."). |

'411 Claim 2

| '411 Patent Claim 2 | Disclosure |
|---|---|
| 2. The method for navigating according to claim 1, further comprising: |  |
| [a] providing pre-defined short-cuts enabling direct access to a given item; and | Wroblewski, as evidenced by the example citations below, discloses providing pre-defined short-cuts enabling direct access to a given item, as this claim limitation appears to be interpreted by Caddo. <br><br> *See e.g.*: <br><br> • Wroblewski at 56: <br><br>  <br><br> • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 2 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013.<br><br>At a minimum, it would have been obvious to a POSITA to include pre-defined short-cuts enabling direct access to a given item. *See* Exhibit B-4.  *See also* Wroblewski Tr. at 64 ("Q. Do the breadcrumbs reflect that the user had navigated through the sequence that's |

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

| '411 Patent Claim 2 | Disclosure |
|---|---|
|  | shown? A. They may have; they may not have. They may have more directly entered the Origin2000 site through a direct link on a page, but then the breadcrumb there informs them where they are in the context of the navigation. They could have, however, very directly traversed the "User Information," then gone to "Resources," then gone to "Hardware," and then ended up on Origin2000. Both options are possible."). |
| [b]      automatically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the menu items necessary to access said given menu item using said graphical user menu system. | Wroblewski, as evidenced by the example citations below, discloses automatically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the items necessary to access said given item using said graphical user menu system., as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br><br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 2 | Disclosure |
|---|---|
|  | <br><br>*See also* LW_0003; LW_0013. |

'411 Claim 3

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 3 | Disclosure |
|---|---|
| 3. The method for navigating according to claim 1, wherein selecting a given active link triggers the execution of a function associated with said given active link. | Wroblewski, as evidenced by the example citations below, discloses that selecting a given active link triggers the execution of a function associated with the given active link, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br><br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 3 | Disclosure |
|---|---|
| | <br><br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 3 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013. |

'411 Claim 4

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 4 | Disclosure |
|---|---|
| 4. The method for navigating according to claim 1, wherein selecting a given active link triggers display of information associated with said given active link. | Wroblewski, as evidenced by the example citations below, discloses that selecting a given active link triggers display of information associated with said given active link, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br><br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 4 | Disclosure |
|---|---|
|  | <br><br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 4 | Disclosure |
|---|---|
| |  See also LW_0003; LW_0013. |

'411 Claim 6

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 6 | Disclosure |
|---|---|
| 6. The method for navigating according to claim 1, wherein pre-selecting a given menu item displayed while pre-selecting the given active link triggers the display of subordinate menu items. | Wroblewski, as evidenced by the example citations below, discloses that pre-selecting a given menu item displayed while pre-selecting the given active link triggers the display of subordinate menu items, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 6 | Disclosure |
|---|---|
|  |  <br> • Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '411 Patent Claim 6 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013.<br><br>At a minimum, it would have been obvious to a POSITA to include that pre-selecting a given menu item triggers the display of subordinate menu items.  *See* Exhibit B-2.  *See also* Wroblewski Tr. at 61-62, 75 ("Q. And kind of going back to what you mentioned earlier.  Was it a design choice whether to -- whether, for these drop-down menus, to expand by clicking or hovering?  A. Yeah. You can implement it one way or the other. Again, coming back to some of the arguments people had about, "Well, you should require the user to click so you're not popping things up by default," or, "Hey, we should actually be exposing these things to people and not requiring them to click so they know what's possible." That's kind of the usability back-and-forth conversation on which choice to make."). |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

'301 Claim 1-I

| '301 Patent Claim 1 | Disclosure |
|---|---|
| 1. A method for navigating within a multi-level hierarchical information structure where each level in the information structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, said method comprising the steps of: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble. |
| [a] providing a graphical user menu system displaying the items of a given level of the hierarchical information structure and enabling selection thereof; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1[a]. |
| [b] dynamically constructing an Active Path as a sequence of active links as items are selected using the graphical user menu system, with one said active link corresponding to each of the items selected, said active links providing direct access to one of a function, corresponding level and menu item without the need to navigate using said graphical user menu system; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1[b]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 1 | Disclosure |
|---|---|
| [c] each said active link enabling the user to directly browse all items on any given level of the hierarchical information structure including all hierarchically subordinate items without affecting the Active Path. | Wroblewski, as evidenced by the example citations below, discloses that pre-selecting a given menu item displayed while pre-selecting the given active link triggers the display of subordinate menu items, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br><br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 1 | Disclosure |
|---|---|
|  | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 1 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 1 | Disclosure |
|---|---|
|  | <br><br>*See also* LW_0003; LW_0013.<br><br>At a minimum, it would have been obvious to a POSITA to include browsing all hierarchically subordinate items using the active links.  *See*, *e.g.*, Exhibit A-6 at 50-55. |

'301 Claim 2

| '301 Patent Claim 2 | Disclosure |
|---|---|
| 2. The method for navigating according to claim 1, further comprising: |  |
| [a] providing pre-defined short-cuts enabling direct access to a given item; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 2[a]. |
| [b] dynamically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the items necessary to access said given item | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 2[b]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 2 | Disclosure |
|---|---|
| using said graphical user menu system. | |

'301 Claim 3

| '301 Patent Claim 3 | Disclosure |
|---|---|
| 3. The method for navigating according to claim 1, wherein rolling over a selected active link triggers the display of sibling items on the hierarchically subordinate levels associated with said selected active link. | Wroblewski, as evidenced by the example citations below, discloses that rolling over a selected active link triggers the display of sibling items on the hierarchically subordinate levels associated with said selected active link, as this claim limitation appears to be interpreted by Caddo. *See e.g.*: <br><br> • Wroblewski at 56: <br><br>  <br><br> • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 3 | Disclosure |
|---|---|
|  | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 3 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 3 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013. <br><br>At a minimum, it would have been obvious to a POSITA to include that rolling over a selected active link triggers the display of sibling menu items on the hierarchically subordinate levels. *See* Exhibits B-1 (displaying sibling items) and B-2 (pre-selecting and rolling over). |

'301 Claim 4

| '301 Patent Claim 4 | Disclosure |
|---|---|
| 4. The method for navigating according to claim 1, wherein selecting a given active link triggers the execution of a function associated with said given active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 3. |

'301 Claim 5

| '301 Patent Claim 5 | Disclosure |
|---|---|
| 5. The method for navigating according to claim 1, wherein selecting a given active link triggers | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 4. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 5 | Disclosure |
|---|---|
| display of information associated with said given active link. | |

'301 Claim 9

| '301 Patent Claim 9 | Disclosure |
|---|---|
| 9. A method for navigating within a multi-level hierarchical information structure where each level in the structure contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, said method comprising the steps of: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble. |
| [a] displaying a graphic element representing a root of the hierarchical information structure; | Wroblewski, as evidenced by the example citations below, discloses displaying a graphic element representing a root of the hierarchical information structure, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• "The first level is included on all the pages within our site in order to provide our audience with a sense of palce and security. Your audience will be confident that they can get through your site if they know they can count on a set of consistent links to be there when they need them." Wroblewski at 48.<br><br>• Wroblewski at 49: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
| --- | --- |
|  | <ul><li>Wroblewski at 52:</li></ul><br/><br/><ul><li>Wroblewski at 53:</li></ul> |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| | <br>See also LW_0003; LW_0013. |
| [b] browsing the hierarchical information structure by rolling over said graphic element using a pointing device, wherein browsing results in the display of sibling items or hierarchically subordinate items; | Wroblewski, as evidenced by the example citations below, discloses browsing the hierarchical information structure by rolling over said graphic element using a pointing device, wherein browsing results in the display of sibling items or hierarchically subordinate items, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 53: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| | <br>• Wroblewski at 49: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| | • Wroblewski at 56:<br><br><br><br>• Wroblewski at 54: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
| --- | --- |
| | <br>• Wroblewski at 63: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| | *See also* LW_0003; LW_0013; Wroblewski Tr. at 74-75.<br><br>At a minimum, it would have been obvious to a POSITA to include browsing the hierarchical information structure by rolling over a graphic to display sibling items or hierarchically subordinate items.  *See* Exhibits B-1 (displaying sibling items) and B-2 (pre-selecting and rolling over).  *See also* Wroblewski Tr. at 61-62, 75 ("Q. And kind of going back to what you mentioned earlier.  Was it a design choice whether to -- whether, for these drop-down menus, to expand by clicking or hovering?  A. Yeah. You can implement it one way or the other. Again, coming back to some of the arguments people had about, "Well, you should require the user to click so you're not popping things up by default," or, "Hey, we should actually be exposing these things to people and not requiring them to click so they know what's possible." That's kind of the usability back-and-forth conversation on which choice to make."). |
| [c] selecting one of the displayed items; | Wroblewski, as evidenced by the example citations below, discloses selecting one of the displayed items, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| | <br>• Wroblewski at 54: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
|  | <br><br>• Wroblewski at 63: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
|---|---|
| | <br><br>*See also* LW_0003; LW_0013. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '301 Patent Claim 9 | Disclosure |
| --- | --- |
| [d] dynamically constructing an Active Path as a sequence of active links as items are selected, with one said active link corresponding to each of the items selected, said active links providing direct access to one of a function, corresponding level and item without the need to navigate from the root of the hierarchical information structure; | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 1[b]. |
| [e] each said active link enabling the user to directly browse all items on any given level of the hierarchical information structure including all hierarchically subordinate items without affecting the Active Path. | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim 1[c]. |

'517 Claim 1-I

| '517 Patent Claim 1 | Disclosure |
| --- | --- |
| 1. A method for navigating within a hierarchical menu structure where each level in the menu contains plural items, said method comprising the steps of: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 1 | Disclosure |
|---|---|
| [a] providing a graphical user menu system displaying the items of a given level and enabling selection thereof, wherein access of said given level requires sequential access of each of the levels preceding said given level in the hierarchy; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[a]. |
| [b] constructing an Active Path as a sequence of hierarchical active links as items are selected using the graphical user menu system, with one said active link corresponding to each of the items selected, each said active link providing direct access to the hierarchical level from which the corresponding item was selected without using said graphical user menu system; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b]. |
| [c] displaying the Active Path as an alternative to the graphical user menu system for navigating the menu structure after the user has finished selecting items using the graphical user system such that the Active Path is displayed; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[c]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 1 | Disclosure |
|---|---|
| [d] wherein rolling over a given active link with the pointer of a pointing device triggers the display of menu items on the hierarchical level associated with said given active link without disturbing the displayed Active Path. | Wroblewski, as evidenced by the example citations below, discloses that rolling over a given active link with the pointer of a pointing device triggers the display of menu items on the hierarchical level associated with said given active link without disturbing the displayed Active Path, as this claim limitation appears to be interpreted by Caddo. <br><br> *See e.g.:* <br><br> • Wroblewski at 56: <br><br>  <br><br> • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 1 | Disclosure |
|---|---|
| | <br><br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 1 | Disclosure |
|---|---|
|  |  |

- LW_0184:
- LW_0190:

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 1 | Disclosure |
|---|---|
| | <br><br>*See also* LW_0003; LW_0013.<br><br>At a minimum, it would have been obvious to a POSITA to include rolling over a given active link with the pointer of a pointing device. *See* Exhibit B-2. *See also* Wroblewski Tr. at 61-62, 75 ("Q. And kind of going back to what you mentioned earlier. Was it a design choice whether to -- whether, for these drop-down menus, to expand by clicking or hovering? A. Yeah. You can implement it one way or the other. Again, coming back to some of the arguments people had about, "Well, you should require the user to click so you're not popping things up by default," or, "Hey, we should actually be exposing these things to people and not requiring them to click so they know what's possible." That's kind of the usability back-and-forth conversation on which choice to make."). |

'517 Claim 2

| '517 Patent Claim 2 | Disclosure |
|---|---|
| 2. The method for navigating according to claim 1, further comprising: | |
| [a] providing pre-defined short-cuts enabling direct access to a given menu item; and | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 2[a]. |
| [b] automatically constructing the Active Path when a pre-defined short-cut is executed, with one said active | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 2[b]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 2 | Disclosure |
|---|---|
| link corresponding to each of the menu items necessary to access said given menu item using said graphical user menu system. | |

'517 Claim 3

| '517 Patent Claim 3 | Disclosure |
|---|---|
| 3. The method for navigating according to claim 1, wherein rolling over a selected active link triggers the display of sibling items on the hierarchically subordinate levels associated with said selected active link. | Wroblewski, as evidenced by the example citations below, discloses that rolling over a selected active link triggers the display of sibling items on the hierarchically subordinate levels associated with said selected active link, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br><br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 3 | Disclosure |
|---|---|
| | <br><br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 3 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 3 | Disclosure |
|---|---|
| | <br><br>*See also* LW_0003; LW_0013.<br><br>At a minimum, it would have been obvious to a POSITA to include that pre-selecting a given active link triggers the display of sibling menu items.  *See* Exhibits B-1 (displaying sibling items) and B-2 (pre-selecting and rolling over).  *See also* Wroblewski Tr. at 61-62, 75 ("Q. And kind of going back to what you mentioned earlier.  Was it a design choice whether to -- whether, for these drop-down menus, to expand by clicking or hovering?  A. Yeah. You can implement it one way or the other. Again, coming back to some of the arguments people had about, "Well, you should require the user to click so you're not popping things up by default," or, "Hey, we should actually be exposing these things to people and not requiring them to click so they know what's possible." That's kind of the usability back-and-forth conversation on which choice to make."). |

'517 Claim 4

| '517 Patent Claim 4 | Disclosure |
|---|---|
| 4. The method for navigating according to claim 3, wherein browsing a given active menu item triggers the display of subordinate menu items. | This claim is satisfied by the disclosure set forth in connection with the discussion of '411 claim 6. |

'517 Claim 5

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '517 Patent Claim 5 | Disclosure |
|---|---|
| 5. The method for navigating according to claim 1, wherein selecting a given active link triggers the execution of a function associated with said given active link. | This claim is satisfied by the disclosure set forth in connection with the discussion of '301 claim 4. |

'517 Claim 6

| '517 Patent Claim 6 | Disclosure |
|---|---|
| 6. The method for navigating according to claim 1, wherein selecting a given active link triggers display of information associated with said given active link. | This claim is satisfied by the disclosure set forth in connection with the discussion of '411 claim 4. |

'836 Claim 1-I

| '836 Patent Claim 1 | Disclosure |
|---|---|
| 1. A method for navigating within a multi-level hierarchical information structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 1 | Disclosure |
|---|---|
| another level, said method comprising the steps of: | |
| [a] providing a graphical user menu system displaying the items of a given level of the hierarchical information structure and enabling selection thereof and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1[a]. |
| [b] constructing an Active Path as a sequence of active links as the user navigates the information structure using the graphical user menu system, with one said active link corresponding to each of the hierarchical levels accessed by the user, said active links providing direct access to one of a function, corresponding level and menu item without the need to navigate using said graphical user menu system; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1[b]. |
| [c] a given said active link enabling the user to browse items of the hierarchical information structure starting from the level corresponding with the given active link and items on | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 1[c]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 1 | Disclosure |
|---|---|
| hierarchically subordinate levels without affecting the Active Path. | |

'836 Claim 2

| '836 Patent Claim 2 | Disclosure |
|---|---|
| 2. The method for navigating according to claim 1, further comprising: | |
| [a] providing pre-defined short-cuts enabling direct access to a given menu item; and | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 2[a]. |
| [b] dynamically constructing the Active Path when a pre-defined short-cut is executed, with one said active link corresponding to each of the menu items necessary to access said given menu item using said graphical user menu system. | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 2[b]. |

'836 Claim 3

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 3 | Disclosure |
|---|---|
| 3. The method for navigating according to claim 1, wherein rolling over a selected active link triggers the display of sibling menu items on the hierarchically subordinate levels associated with said selected active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim 3. |

'836 Claim 4

| '836 Patent Claim 4 | Disclosure |
|---|---|
| 4. The method for navigating according to claim 1, wherein selecting a given active link triggers the execution of a function associated with said given active link. | This claim is satisfied by the disclosure set forth in connection with the discussion of '301 claim 4. |

'836 Claim 5

| '836 Patent Claim 5 | Disclosure |
|---|---|
| 5. The method for navigating according to claim 1, wherein selecting a given active link triggers | This claim is satisfied by the disclosure set forth in connection with the discussion of '411 claim 4. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 5 | Disclosure |
|---|---|
| display of information associated with said given active link. | |

'836 Claim 7

| '836 Patent Claim 7 | Disclosure |
|---|---|
| 7. The method according to claim 1, wherein the multi-level hierarchical information structure is a website. | Wroblewski, as evidenced by the example citations below, discloses that the multi-level hierarchical information structure is a website, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.:*<br><br>- Wroblewski at 49: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 7 | Disclosure |
| --- | --- |
| | • Wroblewski at 52:  <br> • Wroblewski at 53: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 7 | Disclosure |
|---|---|
|  | *See also* LW_0003; LW_0013. |

'836 Claim 8-I

| '836 Patent Claim 8 | Disclosure |
|---|---|
| 8. A method for navigating websites including a plurality of hierarchically organized web pages, said method comprising: | To the extent the preamble is limiting, Wroblewski, as evidenced by the example citations below, discloses a method for navigating within a multi-level hierarchical collapsing menu structure where each level in the menu contains plural items, each said item being at least one of a function, a pointer to a location, and a pointer to another level, as this language appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 53: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
|  | <br>• Wroblewski at 49: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| | • Wroblewski at 56:<br><br><br><br>• Wroblewski at 54: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| | <br>• Wroblewski at 63: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
|  | <br><br>*See also* LW_0003; LW_0013 |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| [a] providing a means for navigating the multi-level hierarchical website; | The Court construed this limitation as a "means plus" limitation governed by §112¶6 with the "function" being "navigating the multi-level hierarchical website" and the corresponding structure being the "graphical user menu system as shown in FIGs. 6A-6B" of the '836 patent.  *See* Claim Construction Order dated April 24, 2021, pg. 3.  Wroblewski, as evidenced by the example citations below, discloses providing a means for navigating the multi-level hierarchical website, as this claim limitation (including the Court's construction) appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 53:<br><br> |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
| --- | --- |
| | • Wroblewski at 49: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**



Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| | • Wroblewski at 56:<br><br><br><br>• Wroblewski at 54: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| |  <br> • Wroblewski at 63: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| | <br>*See also* LW_0003; LW_0013 |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '836 Patent Claim 8 | Disclosure |
|---|---|
| [b] dynamically constructing an Active Path as a sequence of active links as the user navigates the multi-level hierarchical website, wherein each said active link corresponds to a level in the hierarchical structure; wherein a user may directly access any given level of the hierarchical structure by selecting a given said active link; | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 1[b]. |
| [c] each said active link providing the user the ability to directly browse items on any given level of the hierarchical menu structure and hierarchically subordinate items without affecting the Active Path. | This element is satisfied by the disclosure set forth in connection with the discussion of '301 claim element 1[c]. |

'880 Claim 1-I

| '880 Patent Claim 1 | Disclosure |
|---|---|
| 1. A method of navigating an information structure comprising: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble and '301 claim 1 preamble. |

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

| '880 Patent Claim 1 | Disclosure |
| --- | --- |
| [a] providing a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[a] and '301 claim element 1[a]. |
| [b] dynamically constructing an active path as a sequence of active links after an item of the information structure has been selected; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b] and '301 claim element 1[b]. |
| [c] upon provisional selection of any said active link, displaying one or more items on a given level of the information structure without affecting the active path; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d]. |
| [d] said active links allowing a user to access an item in the information structure by selecting from the one or more items displayed by one of the active links on the active path. | Wroblewski, as evidenced by the example citations below, discloses that the active links allow a user to access an item in the information structure by selecting from the one or more items displayed by one of the active links on the active path., as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 1 | Disclosure |
|---|---|
| |  • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 1 | Disclosure |
| --- | --- |
| | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 1 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| **'880 Patent Claim 1** | **Disclosure** |
| --- | --- |
| |  *See also* LW_0003; LW_0013. |

'880 Claim 3

| **'880 Patent Claim 3** | **Disclosure** |
| --- | --- |
| 3. The method of claim 1, wherein the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '517 claim element 1[d]. |

'880 Claim 4

| **'880 Patent Claim 4** | **Disclosure** |
| --- | --- |
| 4. The method of claim 1, wherein the one or more active links allow the display of one or more items on a given level of the information | Wroblewski, as evidenced by the example citations below, discloses that one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected, as this claim limitation appears to be interpreted by Caddo. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 4 | Disclosure |
|---|---|
| structure when one of the active links is selected. | *See e.g.*:<br><br>• Wroblewski at 56:<br><br><br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 4 | Disclosure |
|---|---|
| |  |
| | • Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 4 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 4 | Disclosure |
|---|---|
| | <br><br>*See also* LW_0003; LW_0013. |

'880 Claim 5

| '880 Patent Claim 5 | Disclosure |
|---|---|
| 5. The method of claim 1, wherein the one or more active links allow the display of one or more items on a given level of the information structure when a visual icon associated with one of the active links is selected. | Wroblewski, as evidenced by the example citations below, discloses that one or more active links allow the display of one or more items on a given level of the information structure when a visual icon associated with one of the active links is selected, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 56:<br><br>Home > User Information > Resources > Hardware > **Origin2000**<br><br>Breadcrumbs are an increasingly common method of providing situational awareness. They show the path from the home page to your current location.<br><br>• Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 5 | Disclosure |
|---|---|
|  | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 5 | Disclosure |
|---|---|
|  |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 5 | Disclosure |
|---|---|
| |  |
| | *See also* LW_0003; LW_0013. |

'880 Claim 6

| '880 Patent Claim 6 | Disclosure |
|---|---|
| 6. The method of claim 1, wherein the active links in the active path allow the display of one or more items on a given level of the information structure without changing the active path. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d]. |

'880 Claim 7

| '880 Patent Claim 7 | Disclosure |
|---|---|
| 7. The method of claim 1, wherein a user may directly access one or more active links in the active path by selecting the active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

'880 Claim 8

| '880 Patent Claim 8 | Disclosure |
|---|---|
| 8. The method of claim 7, wherein the selection of an active link causes the active path to truncate to the selected active link. | Wroblewski, as evidenced by the example citations below, discloses that the selection of an active link causes the active path to truncate to the selected active link, as this claim limitation appears to be interpreted by Caddo. <br><br> *See e.g.*: <br><br> • Wroblewski at 56: <br><br>  <br><br> • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 8 | Disclosure |
|---|---|
| | <br><br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 8 | Disclosure |
|---|---|
| | <br>• Wroblewski Tr. at 64-65 ("Q. What happens if the user clicks on one of the links in the breadcrumb? A. They would be taken to that. … in most cases, they'd be taken to a different web page containing that information. Q. Would the breadcrumbs on that different web page be different? A. Yes. They would reflect where they were in the site's kind of structure or hierarchy and chain. So if someone clicked on "Resources," they would no longer see the "Hardware" in Origin2000 part of the breadcrumb, they would just see the home "User Information," and "Resources" would be bolded and not linked. Q. So would the "Hardware" and "Origin" part be truncated when -- if they clicked on "Resources"? A. Yeah. It wouldn't be present.").<br><br>At a minimum, it would have been obvious to a POSITA to include that the selection of an active link causes the active path to truncate to the selected active link. *See* Exhibit B-3. |

'880 Claim 9

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 9 | Disclosure |
|---|---|
| 9. The method of claim 1, further providing pre-defined shortcuts that enable direct access to a given item in the information structure, wherein selection of a predefined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure. | Wroblewski, as evidenced by the example citations below, discloses that providing pre-defined shortcuts that enable direct access to a given item in the information structure, wherein selection of a predefined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure, as this claim limitation appears to be interpreted by Caddo. <br><br> *See e.g.:* <br><br> • Wroblewski at 56: <br><br>  <br><br> Home > User Information > Resources > Hardware > **Origin2000** <br><br> Breadcrumbs are an increasingly common method of providing situational awareness. They show the path from the home page to your current location. <br><br> • Wroblewski at 58: |

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

| '880 Patent Claim 9 | Disclosure |
|---|---|
| | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 9 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013.<br><br>At a minimum, it would have been obvious to a POSITA to include pre-defined short-cuts enabling direct access to a given item. *See* Exhibit B-4.  *See also* Wroblewski Tr. at 64 ("Q. Do the breadcrumbs reflect that the user had navigated through the sequence that's shown? A. They may have; they may not have. They may have more directly entered the Origin2000 site through a direct link on a page, but then the breadcrumb there informs them where they are in the context of the navigation. They could have, however, very directly traversed the "User Information," then gone to "Resources," then gone to "Hardware," and then ended up on Origin2000. Both options are possible."). |

'880 Claim 10-I

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 10 | Disclosure |
|---|---|
| 10. An apparatus for navigating an information structure, the apparatus including a processor configured to: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble and '301 claim 1 preamble and '880 claim 1 preamble.<br><br>Wroblewski, as evidenced by the example citations below, discloses a processor, as this claim limitation appears to be interpreted by Caddo.<br><br>*See e.g.*:<br><br>• Wroblewski at 53:<br><br> |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 10 | Disclosure |
|---|---|
| | • Wroblewski at 49:<br><br> |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 10 | Disclosure |
|---|---|
| | • Wroblewski at 56:<br><br>A POSITA would have understood that the webpages in Wroblewski is implemented and designed in a computer system, which contains a processor controlling the computer. |
| [a] provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[a], '301 claim element 1[a], and '880 claim element 1[a]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 10 | Disclosure |
|---|---|
| [b] dynamically construct an active path as a sequence of active links after an item of the information structure has been selected; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b],'301 claim element 1[b], and '880 claim element 1[b]. |
| [c] upon provisional selection of a given one of said active links, display one or more items on a given level of the information structure associated with said provisionally selected active link without affecting the active path; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d] and '880 claim element 1[c]. |
| [d] allow a user to access an item in the information structure by selecting the item from the one or more items displayed by one of the active links on the active path. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim element 1[d]. |

'880 Claim 12

| '880 Patent Claim 12 | Disclosure |
|---|---|
| 12. The apparatus of claim 10, wherein the one or more active links allow the display of one or more items on a given level of the information | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 3. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 12 | Disclosure |
|---|---|
| structure when a pointer is rolled over one of the active links. | |

'880 Claim 13

| '880 Patent Claim 13 | Disclosure |
|---|---|
| 13. The apparatus of claim 10, wherein the one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 4. |

'880 Claim 14

| '880 Patent Claim 14 | Disclosure |
|---|---|
| 14. The apparatus of claim 10, wherein the one or more active links allow the display of one or more items on a given level of the information structure when a visual icon associated with one of the active links is selected. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 5. |

'880 Claim 15

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 15 | Disclosure |
|---|---|
| 15. The apparatus of claim 10, wherein the active links in the active path allow the display of one or more items on a given level of the information structure without changing the active path. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 6. |

'880 Claim 16

| '880 Patent Claim 16 | Disclosure |
|---|---|
| 16. The apparatus of claim 10, wherein a user may directly access one or more active links in the active path by selecting the active link. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 7. |

'880 Claim 17

| '880 Patent Claim 17 | Disclosure |
|---|---|
| 17. The apparatus of claim 16, wherein the selection of an active link causes the active path to truncate to the selected active link. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 8. |

'880 Claim 18

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 18 | Disclosure |
|---|---|
| 18. The apparatus of claim 10 further configured to provide pre-defined shortcuts to enable access to a given item in the information structure, wherein selection of a pre-defined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 9. |

'880 Claim 19

| '880 Patent Claim 19 | Disclosure |
|---|---|
| 19. The apparatus of claim 10, wherein two functions are associated with at least one of said active links. | Wroblewski, as evidenced by the example citations below, discloses that two functions are associated with at least one of said active links, as this claim limitation appears to be interpreted by Caddo. <br><br> *See e.g.*: <br><br> • Wroblewski at 58: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 19 | Disclosure |
|---|---|
| |  • Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 19 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 19 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013. |

'880 Claim 20

| '880 Patent Claim 20 | Disclosure |
|---|---|
| 20. The apparatus of claim 19, wherein execution of said functions is initiated by selecting different portions of said at least one of active link. | Wroblewski, as evidenced by the example citations below, discloses that execution of said functions is initiated by selecting different portions of said at least one of active link, as this claim limitation appears to be interpreted by Caddo. *See e.g.*: <br><br> • Wroblewski at 58: |

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

| '880 Patent Claim 20 | Disclosure |
|---|---|
| | <br>• Wroblewski at 68: |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 20 | Disclosure |
|---|---|
| |  |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '880 Patent Claim 20 | Disclosure |
|---|---|
| |  *See also* LW_0003; LW_0013. |

'880 Claim 22

| '880 Patent Claim 22 | Disclosure |
|---|---|
| 22. The apparatus of claim 10, wherein at least two functions are associated with at least one of said active links. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |

'127 Claim 1-I

| '127 Patent Claim 1 | Disclosure |
|---|---|
| 1. An apparatus for navigating an information structure, the apparatus including a processor configured to: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 10 preamble. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 1 | Disclosure |
|---|---|
| [a] provide a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[a], '301 claim element 1[a], and '880 claim element 1[a]. |
| [b] dynamically construct an active path as a sequence of active links after an item of the information structure has been selected; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b],'301 claim element 1[b], and '880 claim element 1[b]. |
| [c] upon provisional selection of a given one of said active links, display one or more items on a given level of the information structure associated with said provisionally selected active link without affecting the active path; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d] and '880 claim element 1[c]. |
| [d] allow a user to access an item in the information structure by selecting the item from the one or more items displayed by one of the active links on the active path; | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim element 1[d]. |
| [e] wherein a function is associated with at least one of said active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

'127 Claim 3

| '127 Patent Claim 3 | Disclosure |
|---|---|
| 3. The apparatus of claim 1, wherein the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '517 claim element 1[d]. |

'127 Claim 4

| '127 Patent Claim 4 | Disclosure |
|---|---|
| 4. The apparatus of claim 1, wherein the one or more active links allow the display of one or more items on a given level of the information structure when one of the active links is selected. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 4. |

'127 Claim 5

| '127 Patent Claim 5 | Disclosure |
|---|---|
| 5. The apparatus of claim 1, wherein the one or more active links allow the | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 5. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 5 | Disclosure |
|---|---|
| display of one or more items on a given level of the information structure when a visual icon associated with one of the active links is selected. | |

'127 Claim 6

| '127 Patent Claim 6 | Disclosure |
|---|---|
| 6. The apparatus of claim 1, wherein the active links in the active path allow the display of one or more items on a given level of the information structure without changing the active path. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d]. |

'127 Claim 7

| '127 Patent Claim 7 | Disclosure |
|---|---|
| 7. The apparatus of claim 1, wherein a user may directly access one or more active links in the active path by selecting the active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b]. |

'127 Claim 8

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 8 | Disclosure |
|---|---|
| 8. The apparatus of claim 7, wherein the selection of an active link causes the active path to truncate to the selected active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 8. |

'127 Claim 9

| '127 Patent Claim 9 | Disclosure |
|---|---|
| 9. The apparatus of claim 1 further configured to provide pre-defined shortcuts to enable access to a given item in the information structure, wherein selection of a pre-defined shortcut dynamically constructs an active path including one active link corresponding to each item necessary to navigate to the given item in the information structure. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 9. |

'127 Claim 10

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 10 | Disclosure |
|---|---|
| 10. The apparatus of claim 1, wherein two functions are associated with at least one of said active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |

'127 Claim 11

| '127 Patent Claim 11 | Disclosure |
|---|---|
| 11. The apparatus of claim 10, wherein execution of said functions is initiated by selecting different portions of said at least one of active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 20. |

'127 Claim 13

| '127 Patent Claim 13 | Disclosure |
|---|---|
| 13. The apparatus of claim 1, wherein at least two functions are associated with at least one of said active links. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |

'127 Claim 14-I

Chart A-4

## Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127

| '127 Patent Claim 14 | Disclosure |
|---|---|
| 14. A method for navigating an information structure, comprising: | To the extent the preamble is limiting, this element is satisfied by the disclosure set forth in connection with the discussion of '411 claim 1 preamble and '301 claim 1 preamble and '880 claim 1 preamble. |
| [a] providing a graphical menu interface displaying the items of a given level of the information structure and enabling selection thereof; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[a], '301 claim element 1[a], and '880 claim element 1[a]. |
| [b] dynamically constructing an active path as a sequence of active links after an item of the information structure has been selected; | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b],'301 claim element 1[b], and '880 claim element 1[b]. |
| [c] upon provisional selection of a given one of said active links, displaying one or more items on a given level of the information structure associated with said provisionally selected active link without affecting the active path; and | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d] and '880 claim element 1[c]. |
| [d] allowing a user to access an item in the information structure by selecting the item from the one or more items | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim element 1[d]. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 14 | Disclosure |
|---|---|
| displayed by one of the active links on the active path; | |
| [e] wherein a function is associated with at least one of said active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |

'127 Claim 16

| '127 Patent Claim 16 | Disclosure |
|---|---|
| 16. The method of claim 14, wherein the one or more active links allow the display of one or more items on a given level of the information structure when a pointer is rolled over one of the active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '517 claim element 1[d]. |

'127 Claim 17

| '127 Patent Claim 17 | Disclosure |
|---|---|
| 17. The method of claim 14, wherein the one or more active links allow the display of one or more items on a given level of the information | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 4. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 17 | Disclosure |
|---|---|
| structure when one of the active links is selected. | |

'127 Claim 18

| '127 Patent Claim 18 | Disclosure |
|---|---|
| 18. The method of claim 14, wherein the one or more active links allow the display of one or more items on a given level of the information structure when a visual icon associated with one of the active links is selected. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 5. |

'127 Claim 19

| '127 Patent Claim 19 | Disclosure |
|---|---|
| 19. The method of claim 14, wherein the active links in the active path allow the display of one or more items on a given level of the information structure without changing the active path. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[d]. |

'127 Claim 20

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 20 | Disclosure |
|---|---|
| 20. The method of claim 14, wherein a user may directly access one or more active links in the active path by selecting the active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '411 claim element 1[b]. |

'127 Claim 21

| '127 Patent Claim 21 | Disclosure |
|---|---|
| 21. The method of claim 20, wherein the selection of an active link causes the active path to truncate to the selected active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 8. |

'127 Claim 22

| '127 Patent Claim 22 | Disclosure |
|---|---|
| 22. The method of claim 14 further configured to provide pre-defined shortcuts to enable access to a given item in the information structure, wherein selection of a pre-defined shortcut dynamically constructs an active path including one active link corresponding to each item necessary | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 9. |

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 22 | Disclosure |
|---|---|
| to navigate to the given item in the information structure. | |

'127 Claim 23

| '127 Patent Claim 23 | Disclosure |
|---|---|
| 23. The method of claim 14, wherein two functions are associated with at least one of said active links. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |

'127 Claim 24

| '127 Patent Claim 24 | Disclosure |
|---|---|
| 24. The method of claim 23, wherein execution of said functions is initiated by selecting different portions of said at least one of active link. | This element is satisfied by the disclosure set forth in connection with the discussion of '880 claim 20. |

'127 Claim 26

Chart A-4

**Final Invalidity Contentions: Pat. Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; 10,037,127**

| '127 Patent Claim 26 | Disclosure |
|---|---|
| 26. The apparatus of claim 14, wherein at least two functions are associated with at least one of said active links. | This claim is satisfied by the disclosure set forth in connection with the discussion of '880 claim 19. |